## HILL *v.* STATE.

### (*Jackson.* May 26, 1892.)

1. CRIMINAL PRACTICE. *Impeachment of defendant testifying in his own behalf.*

   Doctrine re-affirmed that a defendant in a criminal case who testifies in his own behalf is subject to impeachment by the same method and to the same extent as other witnesses.

   Case cited and approved: Peck *v.* State, 86 Tenn., 259; 29 Am. R., 506.

2. CRIMINAL EVIDENCE. *Cross-examination as to other charges against witness.*

   Witness may be asked, on cross-examination, if he has been *indicted* for an infamous crime; but it is error to permit him to be asked, over objection, if he had been *charged* with such crime, without indicating in the question the manner in which the *charge* had been made.

   Case cited and approved: Brasswell *v.* State, 3 Leg. Rep., 283.

3. SAME. *Same. Witness' explanation.*

   If witness, in response to question on cross-examination, admits that he has been *charged* with an infamous crime, he is entitled to explain that he was not guilty of such crime, and his explanation and denial of guilt is conclusive, and not subject to rebuttal.

   Cases cited and approved: Rocco *v.* Parczyk, 9 Lea, 331; Franklin *v.* Franklin, 90 Tenn., 44.

   *Question reserved:* If witness denies that he has been *indicted* for infamous crime, may he be impeached by production of record?

---

### FROM CARROLL.

---

Appeal in error from Circuit Court of Carroll County. JOHN R. BOND, J.

L. L. HAWKINS for Hill.

Attorney-general PICKLE for State.

CALDWELL, J. Plaintiff in error was convicted in the Circuit Court of Carroll County for carrying a pistol.

Under the recent statute, he went on the witness-stand and testified in his own behalf.

On cross-examination he was asked and required to answer, over objection, "if he had not been charged with stealing money from a negro in Huntingdon, and if he did not pay him back the money?"

He answered that he "had been · charged with stealing money from a negro in Huntingdon, and had given the negro some money to stop the matter;" that "he did not steal the money," but "compromised the matter by paying some money," because "he did not want his father to hear of the charge."

Touching this evidence, the record recites: "The Court here stated to the jury that they would only look to the question as to the charge against the witness as affecting his credibility as a witness, and they would attach such weight to it as in their judgment it might be entitled to."

The action of the trial Judge was erroneous, both with respect to the form of the question and as to the effect to be given the answer.

*First.*—The question was incompetent, and should

have been rejected for ambiguity, in that it did not state whether the charge inquired about had been preferred in judicial proceeding, or by indictment of grand jury, or was the mere personal accusation of some individual. If the latter was meant, the inquiry was improper, for reasons too obvious to require enumeration. As tending to disgrace a witness, or show his unreliability, he may, with propriety, be asked if he has not been *indicted* for an infamous crime, as in the case of *Brasswell* v. *The State*, 3 Legal Reporter, 283; but that rule does not justify the question propounded in this case. Great as the latitude of cross-examination is, it does not warrant the investigation of mere personal imputations, which may be easily instigated and multiplied by unscrupulous persons, to the injury or destruction of any witness.

*Second.*—Instead of instructing the jury as he did with reference to this evidence, the Court should have told them that, inasmuch as the defendant denied the truth of the charge of larceny, they should not, for any purpose, consider the fact that such a charge had been made against him.

The matter sought to be introduced was entirely irrelevant and collateral to the offense for which the prisoner was being tried, and reflected no light upon it; for that reason his response was binding on the State. The Court required him to answer. After admitting that he had been charged as indicated in the question, the witness had a right to go further, and deny the truth of the charge.

Having done so, his denial was conclusive. 1 Wharton on Evi., Secs. 547 and 559; 1 Greenleaf on Evi., Secs. 449 and 459; *Rocco* v. *Parczyk*, 9 Lea 331; *Franklin* v. *Franklin*, 6 Pickle, 44.

Having put himself on the stand, the prisoner was subject to impeachment as any other witness would have been (*Peck* v. *The State*, 2 Pickle, 259; *State* v. *Clinton*, 29 Am. R., 506), but not further or otherwise.

His denial of the truthfulness of the independent charge should have ended that matter to all intents and purposes in this case. The jury should not have been allowed to consider the collateral charge in any way—as affecting his credibility or otherwise.

Whether the statement of a witness who denies that he has been indicted or convicted for a given offense may be disproved and his credibility impeached by production of the record, is a question quite different from that herein considered.

Reverse and remand.