## BOYD v. STATE.

(*Nashville.* March 3, 1895.)

1. WITNESS. *Infamy.*

The infamy that excludes the testimony of a witness must be proved by the record, or authenticated copy thereof, showing his conviction and sentence for an infamous crime. The witness' admission on the stand, or other oral testimony, is incompetent to prove infamy. (*Post, pp. 508–512.*)

Cases cited: 99 Mass., 420; 7 Ired., 225; 3 McL. C. C., 325; 3 Wash. C. C., 99; 2 Carr. & K., 266; 24 N. Y., 298; 42 N. Y., 280; 95 N. Y., 541; 118 N. Y., 661; 72 N. Y., 393; 79 N. Y., 594.

2. PRACTICE. *Exclusion of evidence.*

It is error to withdraw the testimony of a witness, who admits his infamy on the stand, over the demand of the party to be thereby affected, that record evidence of the witness' infamy should be first produced. (*Post, pp. 506–509.*)

FROM DAVIDSON.

Appeal from Criminal Court of Davidson County. J. M. ANDERSON, J.

JOSEPH G. BRANCH for Boyd.

Attorney-general PICKLE for State.

SNODGRASS, Ch. J. The plaintiff in error was indicted for housebreaking and larceny. He pleaded

"not guilty," was tried, convicted, and sentenced to imprisonment in the penitentiary for a term of three years, and thereupon appealed in error.

There was evidence upon which the conviction might have been rested, though it is not very conclusive. The material error assigned is in the exclusion of the testimony of Belton Boyd, witness of defendant. Boyd gave evidence to the effect that defendant found certain of the property lost, at the time that charged to have been stolen was taken. Turned over to the State for cross-examination, he was asked by the District Attorney "if he had not been convicted of larceny, and had not served his sentence on the county farm." The witness answered that he "had been convicted of larceny in this Court, and had served his sentence in the county workhouse." The District Attorney then moved that the testimony of this witness be excluded, and it was excluded, or withdrawn, by the Court from the consideration of the jury, and witness directed to stand aside. The defendant's counsel demanded that, before the exclusion of the witness' testimony, record evidence of his conviction be produced by the State. The Court ruled the statement of the witness, himself, as to his infamy, was *prima facie* evidence of his incompetency, and declined to compel the production of the record.

To this ruling the defendant excepted. It is not insisted, by the Attorney-general for the State, here that this action of the Circuit Judge would not have been erroneous had the evidence of the witness been

excepted to formally and specifically when made, but it is assumed that the manner in which the question is raised, as herein stated, was not equivalent to such an exception, and that there is no error in the action of the Circuit Judge because of the want of such exception, even if there is error at all, which the Attorney-general does not, concede.    We are of the opinion, however, that the exception was sufficient, and that it was error to admit this evidence, even as *prima facie,* when the objection was made in the form it was, that the record and judgment of conviction be required to be produced before exclusion of the witness.

Passing the question as to whether the State could rely on an infamous witness to prove his own infamy, and thus establish that he was not competent to testify at all, and the question whether such statement of such witness could be treated as *prima facie,* we think it could not be accepted at all, over objection made, when the exclusion was insisted upon, that the record of conviction should be produced.

The witness does not say, in fact, that there was any sentence, or judgment of infamy, rendered; at most, his statement to this effect could be treated as only inferentially equivalent to such statement, giving it its fullest weight.    The term "convicted," used in the question, is not treated in this connection as synonymous with that of judgment and sentence of infamy.    A mere conviction, without a judgment rendered upon it, is not sufficient.    10 Am.

& Eng. Ency. of Law, p. 606, and cases cited, note 4.

In the case of *Commonwealth* v. *Gorham*, 99 Mass., 420, this distinction is further illustrated. It was there declared to be the rule of the common law that the production of the complete record, including the conviction technically so called, and the final judgment thereon, was necessary, in order to show that a witness offered was incompetent on account of infamy. This rule is founded on the reason that "it is always within the power of the Court, on motion in arrest, or for a new trial, to set aside a verdict illegally or improperly rendered, at any time before judgment, and the prosecution may, in the end, result in the defendant's acquittal."

So, in North Carolina, it is decided that a person is not rendered incompetent to give evidence by a conviction of crime, but only by the judgment on the conviction. 7 Ired., 225; Bull. N. P., 392. And see cases cited in Am. & Eng. Ency. of Law, Vol. X., p. 607, note 7. So, one convicted of an infamous offense is a competent witness until after sentence has been passed. *United States* v. *Dickinson*, 3 McL. C. C., 325; *United States* v. *Brochius*, 3 Wash. C. C., 99.

But if we treat the remainder of the question in addition to that as to "whether he had been convicted of larceny," which was, "if he had not served his sentence on the county farm," in connection with the answer of the witness that he had been convicted,

and had served his sentence in the county workhouse, as equivalent to the offer to prove, and actual testimony of the witness to both conviction and sentence, we are still confronted with the difficulty that it is insufficient and incompetent.

Mr. Phillips says: "In ordinary cases, a conviction or sentence must be proved by the production of a record regularly drawn up." 2 Phillips on Evidence, 356. And in the case of *Rex* v. *Rourdon*, 2 Carr. & K., 266, it was adjudged that the evidence of a person who heard sentence passed upon the prisoner is insufficient to establish such record. Elsewhere it will be shown that conviction without sentence has been admitted, without objection, but in that event going only to credibility and not to competency.

Mr. Greenleaf says: "We have already remarked that no person is deemed infamous in law until he has been legally found guilty of an infamous crime, but the mere verdict of the jury is not sufficient for this purpose, for it may be set aside, or the judgment may be arrested on motion for that purpose. It is the judgment, and that only, which is received as the legal and conclusive evidence of the party's guilt for the purpose of rendering him incompetent to testify. And it must appear that the judgment was rendered by a Court of competent jurisdiction. Judgment of outlawry for treason or felony will have the same effect, for the party, in submitting to the outlawry, virtually confesses his guilt, and so the record

is equivalent to a judgment upon confession. If the guilt of the party should be shown by oral evidence, and even by his own admission (though, in neither of these modes can it be proved if the evidence be objected to), or by his plea of guilty, which has not been followed by a judgment, the proof does not go to the competency of the witness, however it may affect his credibility. And the judgment itself, when offered against his admissibility, can be proved only by the record, or, in proper cases, by an authenticated copy, which the objector must offer and produce at the time when the witness is about to be sworn, or, at farthest, in the course of the trial." Greenleaf on Evidence, Sec. 375.

Elsewhere, Mr. Greenleaf says: "But on the other hand, where the question involves the fact of a previous conviction, it should not be asked, because there is higher and better evidence which ought to be offered. If the inquiry is confined in terms to the fact of his having been subjected to an ignominious punishment, or to imprisonment alone, it is made not for the purpose of showing that he was an innocent sufferer, but that he was guilty, and the only competent proof of this guilt is the record of his conviction. Proof of the same nature, namely, documentary evidence, may also be had of the cause of his commitment to prison, whether in execution of a sentence or on a preliminary charge." Section 457.

In the notes it is said: "It is not, however,

allowable to show by the cross-examination of a witness himself, that he has been convicted of a crime, if the objection is made that the record of the conviction is the best evidence, unless, by statute, the conviction may be shown by cross-examination.'' Citing *Newcomb* v. *Griswold*, 24 N. Y., 298; *Real* v. *People*, 42 N. Y., 280; *People* v. *Irving*, 95 N. Y., 541; *Spiegal* v. *Hayes*, 118 N. Y., 661.

''The better rule now is, that on cross-examination, questions as to specific facts tending to disgrace the witness, and not questions as to accusations or charges, including indictments, may be asked on cross-examination, but the party asking them is bound by the answers of the witness.'' Citing the same cases in 42 and 95 N. Y., and *People* v. *Carsey*, 72 N. Y., 393; *Ryan* v. *People*, 79 N. Y., 594.

To this is added: ''It may also be observed, as a further reason for not interrogating a witness respecting his conviction and punishment for a crime, that he may not understand the legal character of the crime for which he was punished, and so may admit himself guilty of an offense which he never committed.''

Again, Mr. Greenleaf says: ''The party, however, must have been legally adjudged guilty of the crime (speaking in reference to persons disqualified as infamous). If he is stigmatized by public fame only, and not by the censure of law, it affects the credit of his testimony, but not his admissibility as a wit--

ness. The record, therefore, is required as the sole evidence of his guilt, no other proof being admitted of the crime, not only because of the gross injustice of trying the guilt of a third person in a case to which he is not a party, but also, lest, in the multiplication of the issues to be tried, the principal case should be lost sight of, and the administration of justice should be frustrated. This ground of exclusion has been largely done away with by statutes, which will be found below in the note.'' Section 372 (15th Ed.).

Many cases on this subject, and the rule of several of the States in relation thereto, will be found in the tenth volume of the American and English Encyclopedia of Law, under the titles ''Infamous Crimes'' and ''Infamy.'' A summary of the decisions and effect of the several cases is thus stated on page 609 of that volume: ''The record of the conviction (meaning, of course, the conviction and the judgment thereon) is the sole evidence of infamy.'' Citing *Castelano* v. *Teyllon*, 2 Mart. N. & S. (La.), 466; *Commonwealth* v. *Gorham*, 99 Mass., 420; *Cushman* v. *Loker*, 2 Mass., 108; *People* v. *Whipple*, 9 Cow. (N. Y.), 707; *People* v. *Herrick*, 13 Johns. (N. Y.), 82; *Rex* v. *Castello Careinion*, 8 East, 77.

These authorities are conclusive against the exclusion of the witness, and the judgment of the Criminal Court must be reversed, and defendant remanded for a new trial.