THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN MORRISON et al., Appellants.

Evidence — the fact that a witness has been indicted is inadmissible to impeach or discredit him.

An indictment is a mere accusation and raises no presumption of guilt. The fact of a witness having been indicted is inadmissible to impeach or discredit him, and this rule applies to criminal actions, as well as to civil, and to all witnesses whether parties or not.

(Submitted March 15, 1909; decided March 23, 1909.)

MOTION for re-argument. (See 194 N. Y. 175.)

*John F. Clarke* for motion.

*Martin T. Manton* opposed.

VANN, J. The defendants were convicted of the crime of petit larceny upon evidence tending to show that they stole clams and oysters which had been planted upon a plat of land, duly staked out, under the waters of Jamaica bay. A material issue on the trial was whether the plat had been staked or not and there was a decided conflict in the evidence upon that question. We reversed the judgment of conviction because a witness for the defendants, who had testified that the plat was not staked out and that there were no stakes surrounding it, was asked by the assistant district attorney on cross-examination, and, under objection and exception, was allowed to answer that he had been indicted for stealing clams

from the bed in question. The writer of this memorandum, who prepared the opinion of the court, in referring to said witness, designated him as the defendant Morrison, whereas he was not John Morrison, the defendant, but William Morrison, his brother, each having testified that the plat was not staked out. The statement in the opinion as to what the witness swore to both on his direct and cross-examination was given with entire accuracy, but for the mistake in referring to the witness by the wrong name the learned district attorney thinks he is entitled to a re-argument of the appeal. His theory, apparently, is that as William Morrison was not a party there was no error in allowing him to testify that he had been indicted.

The motion is founded on a misunderstanding of the rules of evidence governing the subject. A party called in his own behalf is simply a witness the same as any other witness. He is not sworn and does not testify as a party but as a witness, and the general rules of evidence, both as to admissibility and methods of examination and cross-examination, apply to him in precisely the same way as to a witness who is not a party. Thus in *Ryan* v. *People* (79 N. Y. 593, 599) Chief Judge CHURCH, referring to *People* v. *Crapo* (76 N. Y. 288), said : " The rule " (that a witness may not be asked if he has been indicted) " was applied in that case to an accused person who was sworn as a witness in his own behalf, but on principle it seems equally incompetent when applied to any other witness."

It is well settled in this state, and it was the rule before parties were allowed to be witnesses, that a witness · may not be impeached or discredited by showing on his cross-examination or in any other way that he has been indicted. An indictment is a mere accusation and raises no presumption of guilt. It is purely hearsay, for it is the conclusion or opinion of a body of men based on. *ex parte* evidence. The rule applies to criminal actions as well as civil, and to all witnesses whether parties or not. As was said in a case decided as early as 1829 : " The credibility of a witness is not to be impeached

by proof of a particular offence, but by evidence of general bad character. If it was not competent to prove that the witness had perpetrated the offences for which he had been indicted, (of which there could be no question), it follows, of necessity, that the fact of his having been indicted was inadmissible evidence." (*Jackson* v. *Osborn*, 2 Wend. 555, 558.)

The mistake was not material in any possible view of the case, and obviously could have had no influence upon the result.

The motion for a re-argument should be denied.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Motion for re-argument denied.