# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF ILLINOIS.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN NEWMAN, Plaintiff in Error.

*Opinion filed December 17, 1913.*

1. CRIMINAL LAW—*accused has right to a trial on competent evidence without illegal disparagement of his witnesses.* The law does not provide one method for trying innocent persons and another for trying guilty ones, and one accused of crime has a right to a trial by jury upon competent evidence and without illegal disparagement of his witnesses, whether he is guilty or innocent.

2. SAME—*what is an improper cross-examination of a witness.* Where one of two defendants accused of robbery testifies to an alibi for both, and states that he never robbed anyone in his life and had never carried a gun but that the police had persecuted him and had ill-treated him when arresting him, it is improper to permit the State to show, on cross-examination, that he had been indicted for two felonies and that the indictments were then pending, and to require him to answer as to his guilt of another felony for which it is not shown he was indicted and to introduce oral evidence to show that he was guilty of such felony.

3. SAME—*when prosecution has no right to try immaterial issues.* The prosecution cannot, by failing to object to incompetent evidence of a co-defendant in a criminal case to the effect that he was not guilty of other crimes but that the police had persecuted and ill-treated him, acquire the right to try the immaterial issues so presented, although it is entitled to impeach the witness according to recognized rules of law.

4. SAME—*when rule that judgment will not be reversed where guilt is clear cannot apply.* The rule that a judgment of conviction will not be reversed where the evidence clearly establishes the defendant's guilt cannot be applied where there has been a total disregard of the right of the defendant to be tried by the law of the land.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding.

D. R. THOMAS, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE P. RAMSEY, for the People.

Mr. JUSTICE DUNN delivered the opinion of the court:

John Newman and Roy Dutkowiak were jointly indicted and were convicted in the criminal court of Cook county of robbery. John Newman has sued out a writ of error to review the judgment.

The material evidence against the defendants was the testimony of Alfred F. Gruninger, the victim of the robbery, and J. A. Mendro, a mail carrier, who saw it from the other side of the street. Neither had ever seen either of the defendants before but both identified them as the robbers. The only witness for defendants was Dutkowiak, who testified that at the time when the robbery was committed, which was half-past seven in the morning, he and his co-defendant, who roomed together, were still in bed in their room. He also testified to circumstances occurring at the police station when Gruninger first saw him after the robbery, tending to weaken Gruninger's identification of him as one of the robbers. He stated that he had never robbed anyone in his life, was not a thief and had never carried a gun, but that the police had persecuted him and arrested him in the past when he had done nothing, and he testified to being beaten and ill-treated by the police when arrested in the case then on trial. On cross-exami-

nation the witness was asked, and over his objection compelled to answer, questions as follows:

Q. "You said in your direct examination that you never robbed anyone in your life, but did not you and another man, on June 29 last, go into the saloon of Mr. Fait, on Humboldt avenue, and hold him up and rob him?

A. "No.

Q. "And did you not make. Mr. Fait hand over all the money in his cash register and make him give up to you two dollars he had in his pocket?

A. "We did not.

Q. "Were you ever arrested before?

A. "Yes.

Q. "Were you not arrested for raping and robbing a woman?

A. "Yes."

The witness was then asked the following question: "What became of those cases?" Upon his objection the court made the following statement: "If you will strike out all evidence of police persecution in the arresting of the defendant Dutkowiak as a defense therein I will strike out all evidence offered to show that the arrests of him were made by the police in good faith. I cannot permit the defendant to charge the police with persecution and deny the police the right to show that in the arrests they acted in good faith. Objection overruled." The defendants excepted and the witness answered: "In the rape case the jury disagreed and I have not been tried on the robbery charge."

The prosecution, in rebuttal, offered Frank Fait as a witness, and he testified in detail, over the defendants' objection, to being robbed in his saloon by Dutkowiak on June 29, at the point of a gun, of all the money in his cash register and two dollars in his pocket and then locked in his ice box; then, being cautioned not to mention any names, he was asked to state whether there was anyone

with Dutkowiak, and over the defendants' objection he answered, "Yes, there was."

It is insisted that the cross-examination of Dutkowiak was erroneous and the testimony of Fait incompetent. The statute having made defendants competent witnesses, the plaintiff in error was entitled to the benefit of the testimony of his co-defendant, and when the latter became a witness his credibility was subject to the same tests and his examination and cross-examination were subject to the same rules as in the case of other witnesses. A witness cannot be impeached by showing that he has been arrested or that he has been charged with crime. It may be shown that he has been convicted of a felony, but not that he has been indicted, only. Here it was permitted to show, on cross-examination, that he had been indicted for two felonies and that the indictments were still pending. He was also compelled to answer as to his guilt of another felony without showing that he had ever been indicted, and the prosecution was permitted to introduce evidence of his guilt in rebuttal, and thus to submit to the jury not only the issue of the defendants' guilt in the case on trial, but the wholly collateral issue of the witness' guilt of another felony. This cross-examination cannot be sustained on the ground that the witness was a defendant, for even a defendant cannot be interrogated as to his commission of other crimes not connected with that for which he is on trial.

It is argued for the defendant in error that the testimony of the witness in chief tended to show special malice in the police department toward him and that the cross-examination was admissible to rebut this inference, and, judging from his remark which has been quoted, that seems to have been the view of the trial judge. No police officer testified to anything material in the case. The police department was not on trial, and its feeling, or the malice or want of malice of any officer connected with it, was en-

tirely immaterial. The testimony of the witness as to his innocence of other crimes or his persecution by the police was incompetent, and if objected to would have been excluded. The proper defense against incompetent evidence is an objection, and its introduction without objection does not make evidence competent to contradict it. Parties can not, by mere silence or consent, create a right to try an immaterial issue when they might have had the adverse evidence kept out or stricken out. *Maxwell* v. *Durkin,* 185 Ill. 546; *Wickenkamp* v. *Wickenkamp,* 77 id. 92; *Roth* v. *Smith,* 54 id. 431.

It is urged that the plaintiff in error was clearly guilty and therefore the improper cross-examination and incompetent evidence did him no injury. That was the issue for the jury to try, and the law does not provide one method for trying innocent persons and another for trying guilty persons. The plaintiff in error had a right to a trial by jury on competent evidence and to have his witness appear without any illegal disparagement of his credibility. The question is not what, with the aspersions against the witness wrongfully appearing in the record, we may think of the guilt or innocence of the plaintiff in error, but what would the jury have done if the case had been submitted to them without those aspersions. The rule that a judgment will not be reversed where the evidence clearly establishes the defendant's guilt does not justify the total disregard of the rights of a prisoner upon his trial for an alleged crime. He still has a right to be tried by the law of the land, and a conviction secured by a trial in total disregard of that law cannot be sustained.

The plaintiff in error has not had a fair trial, and we are not able to say that the jury upon such a trial might not have had a reasonable doubt of his guilt.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*