## PIERSON v. STATE OF INDIANA.

[No. 23,450. Filed April 22, 1919.]

1. WITNESSES. — *Accused as Witness. — Cross-Examination. — Credibility.*—Though a defendant in a criminal prosecution testifying in his own behalf may be cross-examined as to a prior conviction for the purpose of affecting his credibility as a witness, it was error for the court to instruct the jury that impeaching testimony brought out in such cross-examination should be considered in determining the defendant's guilt or innocence. pp. 243, 245.

2. WITNESSES.—*Credibility.—Cross-Examination.—Extent.*—Any fact tending to impair the credibility of the witness by showing his interest, bias, ignorance, motives, or that he is depraved in character, may be shown in cross-examination, but the extent to which such cross-examination may be carried is within the sound discretion of the court. p. 245.

3. CRIMINAL LAW. — Witnesses. — Instructions. — Character. — Character of Codefendants.—In the prosecution of a defendant for conspiracy, an instruction that evidence concerning an offense of a codefendant should be considered by the jury in determining the guilt or innocence of the defendant, if it in any way applied to the conduct of the defendant, was erroneous.  p. 245.

4. CRIMINAL LAW.—Instructions.—Prejudicial Error.—Character.—Where the evidence is wholly circumstantial and contradictory, instructions permitting the jury to consider the defendant's character and prior convictions in determining his guilt were prejudicial.  p. 246.

From Randolph Circuit Court; Theordore Shockney, Judge.

Prosecution by the State of Indiana against Enoch Pierson. From a judgment of conviction, the defendant appeals. Reversed.

H. J. Paulus, George H. Ward, John Burns, Joseph Burns and Harry E. Roberts, for appellant.

Ele Stansbury, Newman T. Miller and Dale F. Stansbury, for the state.

WILLOUGHBY, J.—This is an appeal from a judgment of conviction upon an affidavit charging appellant, together with three others, with the crime of conspiracy to commit arson. Appellant upon his own motion was granted a separate trial from his codefendants, and the cause was submitted to a jury for trial on the issue formed by the plea of not guilty to the charge in the affidavit. The only error assigned is that the court erred in overruling appellant's motion for a new trial. In appellant's motion for a new trial he insists that the court erred in giving, over objection of appellant, certain instructions of its own motion.

The court of its own motion gave the following instruction, No. 20, over the objection of appellant: "The good character of the accused, when satisfactorily established by competent evidence, is an ingredient

which ought always to be considered by the jury, together with the other facts and circumstances in the case, in determining his guilt or innocence. You are therefore instructed that the evidence of good character of the defendant in this cause and the evidence of his bad character, if any is shown, is competent to be taken into consideration by you in determining his guilt or innocence. The good character of the accused, when satisfactorily established, may, of itself, create such reasonable doubt in the minds of the jury as would justify an acquittal, unless the facts and circumstances point so unerringly to his guilt that, notwithstanding his good character, the jury can say, beyond a reasonable doubt, that he is guilty."

And in instruction No. 26, given by the court of its own motion over appellant's objection, the court said: "The court also instructs you that evidence has been permitted to be introduced touching upon the bad moral character of the defendant in the community in which he lived. This evidence is competent upon behalf of the state, and if the jury believe from the evidence that prior to the time it is alleged that the crime was committed the defendant bore a bad reputation in the community in which he lived for morality, then this is a fact proper to be considered by you, together with all the other facts proven in the case, in determining the guilt or innocence of the defendant, and after a careful consideration of all the evidence in this case, including that pertaining to his previous good character, if such evidence has been introduced, as well as the evidence with reference to his previous bad character, if such evidence has been introduced, the jury entertain any reasonable doubt of the defendant's guilt he cannot be convicted. And, also, if you find from the evidence that on and prior to the 10th day of July, 1916, either of the co-

defendants, Frederick Drake, Elisha Roberts or Calvin Lincoln were persons who bore a bad reputation for honesty and integrity, or for morality, this fact or these facts, if such facts appear in the evidence, should be considered by you, along with all the other evidence in the cause in determining the guilt or innocence of the defendant, Pierson, but you will not consider any specific offense alleged to have been committed by either one of the other defendants as in any way applying to the conduct of this defendant, except in so far as it applies, if it does apply, to the character of the defendant on trial."

Instruction No. 27, given by the court of its own motion over objection of appellant, is as follows: "Evidence has been permitted to go to you concerning the whole period of the defendant's life, up to the alleged commission of the alleged offense. This evidence has been proper and must be considered by you, in weighing the testimony on the question of the defendant's guilt or innocence. It was permitted for the purpose of showing what manner of man the defendant has been during all this period, that you might consider the question of whether or not such a man would be guilty of such an offense as charged in the affidavit, and also that you might consider his own testimony, and the truthfulness of the same, and in determining his guilt or innocence you will at all times have in your mind what manner of man this defendant has been shown to be by the evidence touching on that question. It will be also your duty to consider the evidence, if there is any evidence on that subject, tending to show the reputation of the defendant on trial for morality in that community."

Appellant claims that each of said instructions Nos. 20, 26 and 27 is erroneous and harmful to appellant for the reasons: (1) That instruction No. 20 charged the

jury that it was competent for them to take into consideration evidence of the defendant's bad character in determining his guilt or innocence when the law requires that the evidence of bad character of the defendant could only be considered as to his credibility as a witness and not as to his guilt, and the evidence of the general moral character of defendant is admissible only as going to his credibility as a witness and not as to whether he did, or did not, commit the crime with which he is charged. *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097. (2) That instruction No. 26 told the jury that, if the defendant bore a bad reputation in the community in which he lived for morality, then that fact was proper to be considered by the jury in determining the guilt or innocence of defendant Pierson; that it instructed the jury that it could consider any specific offense committed by defendant Pierson as going to his guilt. There was some evidence that Frederick Drake, one of the codefendants, not upon trial, had been arrested for selling liquor in violation of law, and the court, in this instruction, tells the jury that if specific offenses committed by the other defendants in any way apply to this defendant, then the jury could consider such evidence as to the character of defendant Pierson. (3) That instruction No. 27 told the jury that evidence of the bad moral character of the defendant, and evidence that he had pleaded guilty to associating with a prostitute and had been fined $10, and given a jail sentence, must be considered by the jury in weighing the testimony on the question of the defendant's guilt or innocence.

The defendant testified in his own behalf. He was cross-examined by the prosecuting attorney at considerable length, and, among others, the prosecuting attorney put the following question: "I want to ask you whether or not on September 18, 1914,

you were not arrested and taken into the city court of Marion, Indiana, to which you plead guilty to a charge of fornication, under the assumed name of Ed Pierce, and for which crime you were fined $10, and given a sentence of thirty days in jail, which thirty days in jail was suspended by the mayor of Marion, acting as judge of the city court?"

The defendant objected to this question on the grounds that the defendant's moral character had not been put in issue, that only his character for honesty and integrity had been put in issue, and further that it is not proper to go to specific acts to attack reputation, but the court overruled the objections, and required the defendant to answer. He then answered, "I was—the date is wrong, that is all."

This evidence was brought out in cross-examination by the state, and under the rule laid down in *Vancleave* v. *State* (1897), 150 Ind. 273, 49 N. E. 1060, it was not error for the court to require the defendant to answer this question upon cross-examination, when the court informed the jury that such evidence could only be considered by the jury as affecting the credibility of the defendant's testimony. The defendant in becoming a witness subjected himself to the same treatment as any other witness, but that did not authorize the court to instruct the jury that such impeaching questions should be considered by the jury in determining the guilt or innocence of defendant in the case on trial. The impeachment of a witness for moral character only goes to the weight of his evidence and not to prove any issue in criminal cases. In *Vancleave* v. *State, supra,* it is held that a person on trial for larceny, who becomes a witness in his own behalf, may be asked on cross-examination whether he had not previously been convicted of a similar crime, for the purpose of showing his credibility as a witness. In that case the appellant, while on

the witness stand as a witness on his own behalf, was asked on cross-examination, the following question: "I will ask you if you were arrested on the charge of larceny, and convicted in this court at the March term, 1886?" Answer: "Yes I was." Question: "I will ask you if you are not now under indictment and arrest for robbing Charles Keith?" Answer: "Yes sir." The court held these questions to be proper and that there was no error in permitting such cross-examination. The court, however, told the jury that it was admitted only for one purpose, and its consideration by them must be confined to that purpose, and that that purpose was to affect the credibility of appellant's testimony. *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Bessette* v. *State* (1885), 101 Ind. 85; *Blough* v. *Parry* (1896), 144 Ind. 463, 40 N. E. 70, 43 N. E. 560; *Shears* v. *State* (1896), 147 Ind. 51, 46 N. E. 331.

It has been held that any fact tending to impair the credibility of the witness by showing his interest, bias, ignorance, motives, or that he is depraved in

2. character, may be shown in cross-examination, but the extent to which such cross-examination may be carried is within the sound discretion of the court. *City of South Bend* v. *Hardy* (1884), 98 Ind. 577, 49 Am. Rep. 792; *Parker* v. *State, supra; Spencer* v. *Robbins* (1886), 106 Ind. 580, 5 N. E. 726.

In this case the court did not give any instruction limiting the evidence given by the defendant on cross-examination to the effect that said defendant had

1. been fined and given a jail sentence on plea of guilty in the Marion City Court on a charge of fornication, to the question of defendant's credi-

3. bility as a witness. But by instruction No. 20 the jury are told that it should be taken into consideration by them in determining the guilt or innocence of the defendant. The same direction is also given in

instruction No. 26.   And in instruction No. 26 the court goes still further by saying:   "You will not consider any specific offense alleged to have been committed by either of the other defendants as in any way applying to the conduct of this defendant, except in so far as it applies, if it does apply, to the character of the defendant on trial."   This instruction indicated to the jury that they should consider any specific offense alleged to have been committed by the defendant, and the court inferentially told them to take into consideration the Marion City Court incident, brought out in cross-examination of this appellant, and it also told them that the evidence concerning the arrest of Frederick Drake on a charge of selling liquor in violaion of law should be considered by them in determining the guilt or innocence of the defendant, if it in any way applied to this defendant.

In instruction No. 27 the jury were told that they must consider the evidence, which had been permitted to go to them, concerning the whole period of defendant's life up to the commission of the alleged offense, in weighing the testimony on the question of the defendant's guilt or innocence.   The instruction closes by saying:   "It will be also your duty to consider the evidence, if there is any evidence on that subject, tending to show the reputation of the defendant on trial for morality."

The evidence in this case is wholly circumstantial. It is contradictory, and under such circumstances it cannot be said that the instructions complained 4.   of by appellant were not harmful to him.   Our conclusion is that under the evidence instructions Nos. 20, 26 and 27, were erroneous and harmful to appellant.   Other alleged errors are discussed in appellant's brief, but as they will not probably occur on a retrial of this cause, it is not necessary to extend this opinion by a discussion of them.

For error in giving instructions Nos. 20, 26 and 27

this judgment is reversed, and the Randolph Circuit Court is instructed to sustain appellant's motion for a new trial.

NOTE.—Reported in 123 N. E. 118.   See under (1) 40 Cyc 2510, 2622; (2) 40 Cyc 2564, 2615, 2626, 2662; (3) 16 C. J. 580, 586; (4) 17 C. J. 340.