## SUPREME COURT — APPELLATE DIVISION — FOURTH DEPARTMENT.

### March 17, 1920.

## THE PEOPLE v. HARRY E. WEBER.

(191 App. Div. 271.)

RAPE SECOND DEGREE *—ASSAULT UPON FEMALE UNDER EIGHTEEN YEARS OF AGE DURING AUTOMOBILE RIDE—EVIDENCE—SIMILAR CRIMES COMMITTED BY OTHER PERSONS RIDING IN SAME CAR—INDICTMENT OF WITNESSES FOR SUCH CRIMES.

In a prosecution for the crime of rape in the second degree for having sexual intercourse with a female under eighteen years of age, which was alleged to have taken place in an automobile in which other persons had been riding, it was reversible error to allow the prosecution to show that a similar crime had been committed by another passenger in the car upon another woman who was also a passenger, and that he was under

---

* See notes, N. Y. Crim. Rep., Vols. 5, 251; 6, 178; 7, 27, 279.

indictment therefor, where in fact the defendant had not been jointly indicted with the other person and there was no evidence that he acted in concert with the defendant or that they had any common motive or conspiracy.

So, too, it was reversible error to allow the prosecution to show that another passenger was under indictment for a similar crime committed on the prosecutrix at the same time.

*It seems*, that if these witnesses had been tried and convicted of said crimes, evidence thereof would have been proper as bearing upon their credibility, but mere proof of indictment for such alleged crimes is improper.

APPEAL by the defendant, Harry E. Weber, from a judgment of the County Court of Wyoming county convicting him of the crime of rape in the second degree, and also from an order denying defendant's motion for a new trial on the ground of newly-discovered evidence.

*George W. Watson,* for the appellant.

*Lavergne A. Walker, District Attorney,* for the respondent.

CLARK, J.:

The crime for which defendant has been convicted is alleged to have been committed on the night of May 22, 1917, on the front seat of a Ford automobile.

The prosecutrix and her friend, Edna Brown, and her uncle, David Aiken, Arthur Baker and defendant, had been to the village of LeRoy, and were returning to Warsaw, when Baker, who was driving the car, stopped to repair a tire. Prosecutrix was seated on the front seat with the driver. Aiken, the Brown girl and defendant were seated on the rear seat, and got out of the car at the request of Baker, so he could get his tools, which were under the rear seat. Defendant got in the front seat behind the steering wheel, prosecutrix sitting at his right, and she claims that while in that position, when Baker was repairing the damaged tire, defendant had sexual

intercourse with her.    In her deposition taken before the magistrate she claimed that defendant had intercourse with her in that position two or three times, but on the trial she limited it to one transaction.

Her friend, Edna Brown, was the only corroborating witness as to this transaction.    Defendant denied absolutely having anything to do with the prosecutrix, and he was supported by Aiken and Baker, who testified in substance that they saw nothing of the alleged assault, heard no outcry from the prosecutrix, and in fact they fully corroborated defendant as to this transaction, but he was convicted and sentenced to prison.    He is a young married man of hitherto unblemished reputation. The story told by prosecutrix, who claimed to be over seventeen years of age and under eighteen, would seem to be improbable, for when we consider the fact that it is claimed that the assault was committed on the front seat of a Ford car when she was sitting up, or only partially reclining or leaning, with the driver fixing a tire right close by, and her uncle, Aiken, and the Brown girl near by, it is difficult to understand how a jury could have credited her story, positively denied by defendant and every other person in the party, excepting the Brown girl, if it was not influenced by evidence of other transactions in no way connected with the particular crime charged against the defendant.

There was some medical testimony of two physicians, who examined prosecutrix the next morning, and who testified that her hymen was ruptured, but they did not say that the penetration was caused by sexual intercourse.    This testimony is not of so much importance in view of the fact that prosecutrix claimed, and Edna Brown on the trial testified, that the driver, Baker, had also had sexual intercourse with her earlier in the evening.    But the jury adopted complainant's theory of the transaction, and it being the trier of the facts, the verdict would probably stand were it not for the fact that certain improper, incompetent and immaterial evidence was received

over the objection and exception of defendant, which requires the most serious consideration.

Defendant called as witnesses Aiken, the uncle of prosecutrix, and Baker, the driver of the car. They had corroborated defendant. On cross-examination Aiken was asked this question by the district attorney: " Q. You are now indicted, are you not, for rape upon Edna Brown ? "

This was objected to by counsel for the defendant, and the objection was overruled, to which ruling an exception was taken, and the witness answered, " Yes."

When Arthur Baker, the driver, who was a witness for the defendant, was being cross-examined by the district attorney, he was asked this question: " Q. You have been indicted by the grand jury of Genesee county, haven't you ? A. Yes, sir."

This was objected to by defendant's counsel, and it was followed by this question: " Q. I hadn't finished my question yet—for rape in the second degree upon Bessie Wilcox (this prosecutrix) committed at the time you first stopped after you first left LeRoy ? "

This was objected to as incompetent, as having no bearing on the issues here, and as being incompetent to impeach the witness and the indictment was no evidence of his guilt. The objection was overruled, with an exception to defendant, and the witness answered, " Yes."

The witness was further allowed to answer, over defendant's objection and exception, that he had not been tried on the indictment.

The answers elicited from these witnesses over defendant's objections and exceptions were highly prejudicial to defendant and the evidence was incompetent and immaterial. (People v. Morrison, 194 N. Y. 175, 23 N. Y. Crim. 173, 195 id. 116.)

The defendant was not jointly indicted with either Aiken or Baker. There was no evidence that either of them acted in concert with defendant, or that they had common motives in the transaction, or that they had combined, or confederated or

conspired together to commit the crime charged against this defendant, or any crime, or that they had a common plan or motive or purpose in committing it.

Under these circumstances to permit proof of Aiken's transactions with Edna Brown out on the grass some distance from the automobile where prosecutrix claims she was assaulted by defendant, and Aiken's indictment therefor, and Baker's alleged connection with this prosecutrix some time previously and at an entirely different place, and his indictment therefor, was not only improper, but must have been highly prejudicial to the defendant.    It had reference to entirely separate and independent crimes, and was improper for any purpose.

If these men had been tried and convicted, it would have been proper to have brought out these facts as bearing on their credibility as witnesses, but an indictment is a mere accusation, and to compel a man to say that he had been indicted is not proper, and is particularly damaging to a defendant charged with such a crime as the one for which defendant was being tried.

But another seemingly glaring error crept into the case. When Edna Brown, the only corroborating witness of complainant as to this alleged assault, was on the stand giving her direct evidence in behalf of the People as to what she knew about the affair, the following took place: " By the District Attorney: . Q. What else happened?    A. Didn't anything happen.    Mr. Charles: I object to that as immaterial, irrelevant.    The Court: I am going to receive it and give you an exception.    Q. You may answer?    A. Yes, Dave Aiken did. Q. Did what?    Mr. Charles: I object to the question.    The Court: Same question I assume.    Overruled.    Exception to defendant.    Q. You may answer, state what he did.    That is the question.    A. He had intercourse with me.    Q. Did you make any resistance?    A. Yes, sir."

The witness then said this was before she tried to help the prosecutrix.    Here we have a situation where the prosecutrix

was permitted to prove over the vigorous objections of defendant, by Edna Brown, the principal witness for the prosecutrix, and her friend and associate, and on her direct examination, that Aiken had intercourse with her out on the grass several feet away from the automobile where defendant and the prosecutrix were located, and that she had resisted him.

The People were thus permitted not only to prove that another man who had not yet been called as a witness for defendant had been indicted for committing another crime on an entirely different woman from the one who had accused this defendant, but to go a step further and prove the commission of that crime. This evidence was clearly incompetent. (Jackson v. Osborn, 2 Wend. 555; People v. Morrison, 195 N. Y. 116.)

It was improper thus to prove a separate crime in no way connected with this defendant, and one committed by another man against an entirely different woman from the one he was charged with violating. It in no way tended to connect defendant with the crime charged against him, and must have been highly prejudicial to him.

The defendant was charged with a most serious crime, committed as it was alleged upon a young woman with whom he had but a slight acquaintance. According to her story she was between seventeen and eighteen years of age. He was a married man several years her senior. Such a charge in and of itself would naturally arouse sympathy for the young woman, and prejudice against a man charged with criminally assaulting her. He had a great burden to bear to take care of his own case, and should not have been compelled to carry the added burden of the crime of some other man committed on another woman, of which transaction he had no knowledge.

This evidence was well calculated to arouse the passions and prejudices of the jury, and the learned county judge fell into an error in receiving it.

The defendant was entitled to a fair trial, and I do not think such a trial was accorded him.

Having reached the conclusion that the judgment of conviction must be reversed, because of the admission of the improper evidence heretofore referred to, it is unnecessary to discuss the propositions urged by appellant for the alleged erroneous refusal to grant his motion for a new trial on the ground of newly-discovered evidence.

All concur.

Judgment of conviction and order reversed, and new trial granted.