■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WALTER JAMES, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, entered April 3, 1964 after a jury trial, convicting him of manslaughter in the first degree, and imposing sentence. Judgment affirmed. This court previously directed a hearing on the issue of the voluntariness of defendant's statement received in evidence at the trial (*People* v. *James,* 22 A D 2d 939). That hearing has been held and a supplemental record, consisting of a transcript of the stenographic minutes and the decision of the Trial Justice finding that the statement was voluntary, has been submitted. In our opinion, the finding is based on substantial evidence. Though defendant challenges the Trial Justice's finding, we see no reason to disturb it (cf. *People* v. *Atlas,* 183 App. Div. 595, affd. 230 N. Y. 629; *People* v. *Katz,* 154 App. Div. 44, affd. 209 N. Y. 311). Nor do we find any ground to invalidate the defendant's statement because of the claimed delay in arraignment. This issue was not presented to the jury by defendant and, in any event, we do not consider that there was any unnecessary delay under the circumstances (Code Crim. Pro., § 165; cf. *People* v. *Spano,* 4 N Y 2d 256, 261). This defendant's guilt was so overwhelmingly established that the alleged errors referred to by the minority may be disregarded (Code Crim. Pro., § 542). Defendant did not object to the summation or any part thereof, nor did he make a motion for a mistrial (*People* v. *Wood,* 12 N Y 2d 69, 78). Beldock, P. J., Ughetta and Hill, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: We agree that on this record the Trial Justice's finding as to the voluntariness of defendant's statement may not be overruled. We are constrained, however, to vote to reverse the judgment and to grant a new trial on other grounds: (1) The prosecutor improperly asked the defendant whether he, while on relief, had purchased wine with funds obtained from relief grants. This error was compounded by improper reference to defendant's relief status during the prosecutor's summation. (2) The prosecutor also improperly asked the defendant whether he had been arrested or charged with felonious assault (*People* v. *Morrison,* 195 N. Y. 116; *People* v. *Cascone,* 185 N. Y. 317). (3) The prosecutor in his summation also incorrectly referred to the defendant's conviction of assault, when in fact there was no proof in the record of any such conviction. (4) Again, the prosecutor said in his summation that he

would take the stand and testify that the defendant was not drunk. This was improper and prejudicial (cf. *People* v. *Lovello,* 1 N Y 2d 436; *People* v. *Jackson,* 7 N Y 2d 142; *People* v. *Duncan,* 13 N Y 2d 37). In our opinion, these cumulative errors prevented a fair trial, especially where the issues were closely contested and the jury's verdict was reached after requests for further instructions and after some length of time.