John L. FEE, Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

March 9, 1973.

Certiorari Denied by Supreme Court June 18, 1973.

Duane S. Snodgrass and John S. McLellan, III, Kingsport, for plaintiff in error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, Carl Kirkpatrick, Dist. Atty. Gen., Kingsport, William R. Mooney, Asst. Dist. Atty. Gen., Bristol, for defendant in error.

## OPINION

WALKER, Presiding Judge.

The Sullivan County grand jury indicted the defendant, John L. Fee, for second degree murder of Mary Lucille Neil by driving his automobile into her vehicle in willful and wanton disregard for the safety of persons and property. The indictment alleged that the defendant was under the influence of an intoxicant at the time. On his trial the jury convicted Fee of second degree murder and fixed, "The full punishment of twenty (20) years." In accordance with the verdict, the trial judge sentenced the defendant to 10 to 20 years' imprisonment, from which judgment and sentence the defendant appeals in error to this court.

At about 12:30 P.M., August 26, 1970, on a clear day, the defendant was driving south from Harlan County, Kentucky, through Gate City, Virginia, toward Kingsport. His erratic driving had attracted the attention of other motorists.

In Kingsport the deceased, also driving south, was stopped for a traffic light on a four-lane street. The defendant lost control of his automobile, crossed the street and struck a curb on his left side, veered back into the rear of the deceased's automobile, causing it to strike the car driven by her husband immediately in front of her. The deceased's automobile caught fire and she suffered fatal burns. The defendant also received some burns and injuries and was taken to the hospital.

The investigating officer and the attending physician at the hospital were of the opinion that the defendant was intoxicated. A blood test taken at 1:50 P.M. after his admittance to the hospital showed .12 grams of alcohol in his blood. Another taken at 3:30 P.M. showed .09 percent alcohol then in his blood.

The defendant testified that he and several others, including his wife, left Harlan County, Kentucky, that day at about 9:30 A.M. in three cars. Some came with him for the purpose of eating a chicken dinner. Those who came for the dinner ate and returned. At the meal he had half a can of beer and this was the only intoxicant he had taken. His particular purpose in coming to Kingsport was to get some roofing material. One Clyde Boggs was behind him in another car and Boggs planned to help with the roofing material.

The defendant further testified that his old car, which he had had only a few days,

did not operate properly, the power brakes failed and he had difficulty steering it; he found he had no emergency brake and threw the car into park in an unsuccessful effort to stop. He tried to pull to the curb but unavoidably struck the car driven by the deceased and then struck a pole. He remembered no more until he was in the Veterans Administration Hospital.

The defendant contends the trial judge erred in overruling his objections to the district attorney general's reading to the jury a list of alleged prior convictions.

Over objection of the defendant, the trial judge permitted the prosecutor to read from a paper a long list of previous convictions, some of them involving moral turpitude and a number of other convictions which were inadmissible. The defendant is 54 years of age and the state cross-examined him on numerous offenses since 1937, including driving while intoxicated, escapes in 1950 and 1953, a whiskey law violation and a bond forfeiture.

■ The defendant admitted some convictions and denied others. The state produced no proper record of his convictions but continued cross-examination on the denied charges. A defendant's denial under these circumstances is conclusive of the inquiry. See Hill v. State, 91 Tenn. 521, 19 S.W. 674.

The court sustained the state's contentions that driving while intoxicated involves moral turpitude and permitted the defendant to be cross-examined on three such charges, all denied by him. Since this offense is malum in se, the prosecutor contended the crime involved moral turpitude.

The prosecutor asked about a drunk driving and reckless driving conviction in Kentucky on February 4, 1970, a drunk driving conviction July 28, 1968, and a forfeiture of bond in Kentucky on April 16, 1970, on a charge of drunken driving. The defendant denied ever being arrested for drunken driving or ever forfeiting a bond on that charge. The prosecutor thereupon asked if he had not forfeited a bond on the February 4, 1970, charges. The defendant denied this, too.

■ The trial judge erred in permitting the state to cross-examine the defendant about convictions for driving while intoxicated. That offense does not involve moral turpitude. In Flowers v. Benton County Beer Board, 202 Tenn. 56, 65, 302 S.W.2d 335, 339, our Supreme Court said:

"Driving an automobile while under the influence of whiskey, or other intoxicant, is denounced by the statute. But is is not an act involving moral turpitude. (Citations)"

Although the defendant denied these offenses, we think the innuendo was prejudicial, particularly since this offense was charged in the indictment and the jury fixed the maximum punishment. The court should not have permitted inquiry into other offenses that did not involve moral turpitude. Bolin v. State, Tenn.Cr. App., 472 S.W.2d 232.

■ Since the case must be retried, we call attention to Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), holding that prior convictions may not be used for impeachment if the defendant was denied counsel.

All other assignments are overruled.

■ We find no merit in the assignment complaining of the failure of the trial court to grant a continuance. The defendant filed an affidavit as to the testimony he expected to prove by several absent witnesses to the effect that he was sober and particularly that Clyde Boggs would testify that he was sober and that he had been having car trouble but was driving properly immediately before the collision, at which time the engine died.

After the trial Boggs filed an affidavit to the effect that he was not present at all but was in jail at the time of the fatal collision. The trial judge did not abuse his discretion in the denial of a continuance.

■ The defendant contends that the two blood alcohol tests were inadmissible in that he was incapable of consenting. The court held the tests admissible. We agree.

The officer testified that the defendant voluntarily consented to the taking of both samples. From the physician's testimony, the defendant was alert and responsive. We think the trial court correctly ruled that the defendant gave his consent.

■ The first test was actually made for diagnostic purposes and was not sent to Nashville in accordance with procedures set out in T.C.A. 59–1045 through 59–1049. This statutory procedure provides one method but is not exclusive.

The second test was sent to the toxicology department of the state and was properly proven. It was likewise admissible.

We have considered all other assignments and find them without merit.

The judgment is reversed and the case remanded for a new trial.

MITCHELL and O'BRIEN, JJ., concur.