DeadeRiok, Oh. J.,
delivered the opinion of the court:
*482 Fair was convicted in the circuit court of Iiawldns county, of petit larceny, and sentenced to one year’s imprisonment in the penitentiary. He has appealed to this court, and insists, by his counsel, that the judgment was erroneous:
1. Because the court erred in refusing to allow John Neil to testify in 'his behalf.
The court held, upon objection being made to the competency of the witness, Neil, that he was not a competent witness by reason of his having been previously convicted and sentenced upon am indictment for petit larceny, which appears from the record introduced, to have been had January, 1876, when the law made petit larceny a misdemeanor. The argument is, that the offense was not a felony, and was not punishable by confinement in the penitentiary, but that the judgment was that the defendant should be imprisoned in the county jail or county workhouse. And it is further objected that in the judgment the disabilities of infamy were not imposed.
Sec. 3812 provides that a person convicted and sentenced for larceny, and other enumerated offenses, is incompetent to give evidence as a witness.
Sec. 5226 provides that it shall be a part of the judgment of the court that the defendant be infamous and disqualified to give evidence, etc.
This latter section directs that the judgment of infamy shall be a part of the judgment of the court upon conviction of an infamous crime.
But we do not understand that the disqualification to testify, etc., depends upon the recital in the judgment on conviction that he is thus disqualified. The 3812th section of the Code declares that persons guilty of larceny, etc., are rendered incompetent to give evidence by conviction and sentence for that offense. It is the legal consequence of the conviction and sentence for the crime, which is affixed to it by our statute, as well as by the common law to numerous cases of a kindred nature. Nor does the incom *483 petency to testify, on the ground of infamy, depend upon the infliction of infamous punishment, but it is the nature of the crime, and not the hind of punishment inflicted, which renders the party infamous and disqualifies him from giving evidence (2 Rus. on Cr., 974; 1 Wh. Am. C. L., sec. 760), and there must be not only the verdict of the jury that the party is guilty of a crime held by statute or common law to be infamous, but a judgment thereon pronounced by the court. And even in a misdemeanor belonging to the class of offenses known by the term of crimen falsi, a conviction and final judgment at common law renders the person committing it incompetent to testify. 1 Bish. Cr. L., sec. 743 [7th ed., sec. 972].
Our statute expressly disqualifies any one convicted and sentenced for larceny from being a witness, and the change of punishment by the act of 1875 [eh. 84], did not change this provision of the statute. It is still larceny, but was punished differently under the act of 1875, from the mode prescribed by law previous to the passage of the act of 1875.
There was, therefore, no error in excluding the witness as incompetent.
2. But it is said the only evidence against the plaintiff in error is the testimony of an accomplice, and that he is not only not corroborated, but is contradicted and impeached. In examining the record, we are unable to> see that the testimony of the accomplice, as he confesses himself to have been, is in any material fact of the. case corroborated. lie was unquestionably a partieeps criminis, and although a competent witness, still it is the duty of the judge to advise the jury not to convict of felony upon the uncorroborated testimony of an accomplice. “And it may be regarded as the settled course of practice not to convict a prisoner of any felony upon the sole and uncorroborated testimony of an accomplice.” 1 Gr. Ev., secs. 380--1.
In this case there is not only no corroboration as to any materal fact of the testimony of the accomplice, but his *484 character is assailed Toy numerous witnesses, and although some witnesses say. they would believe him, they all say his character is bad.
Under these circumstances, we do not think the verdict should stand.
The judgment will be reversed.