POMP ROBISON AND CHARLEY JOHNS v. THE STATE.

ACCOMPLICE. *Testimony of. Extent of corroboration.* It is not sufficient that the testimony of an accomplice be confirmed as to the circumstances attending the commission of the crime; but before a conviction will stand, there must be corroborating proof that the prisoner actually participated in the offense.

FROM RUTHERFORD.

Appeal in error from the Criminal Court of Rutherford county.   MATT. W. ALLEN, J.

—— ——— for Robison and Johns.

ATTORNEY-GENERAL LEA for the State.

COOKE, J., delivered the opinion of the court.

The defendants were indicted for house-breaking and larceny. They were jointly tried and Robison convicted upon both counts, and Johns found guilty of petit larceny. Sentence was pronounced upon them in accordance with the finding of the jury, and they have appealed.

They were convicted upon the testimony of an accomplice. There was corroborating testimony of the witness as to facts showing that he was present when the breaking and larceny were committed. His statements as to the manner of the breaking and entering the house, the instrument with which it was effected, the time of night at which it occurred, how the money drawer was opened, and other occurrences that transpired in the house while the larceny was being committed, were so corroborated as to leave no doubt but that the witness was present, and knew the manner in which, and the means by which the house was entered and the larceny committed, and that his statements in regard to these matters were true. But there was no corroborating fact or circumstance, proved or shown, tending to corroborate his statements as to the defendants having been present and participating in the transaction, and their connection with it rests alone upon the unsupported testimony of this witness, and the only question is as to whether his

testimony is sufficiently corroborated to entitle the verdict to stand.

The unsupported testimony of an accomplice is not sufficient to authorize a conviction: *Hall* v. *State*, 3 Lea, 561. "But though it is the settled practice," says Mr. Greenleaf, "to require other evidence in corroboration of that of an accomplice, yet in regard to the *manner and extent of the corroboration,* learned judges are not perfectly agreed. Some have deemed it sufficient if the witness is confirmed in any material part of the case; others have required confirmatory evidence of the *corpus delicti* only, and others have thought it essential that there should be corroborating proof that the prisoner actually participated in the offense, and that when several prisoners are to be tried, confirmation is to be required as to all of them before all can be safely convicted. The latter is believed to be now the prevailing opinion, the confirmation of the witness as to the commission of the crime being no confirmation at all as respects the prisoner. For in describing the circumstances of the offense he may have no inducement to speak falsely, but may have every motive to disclose the truth, if he intends to be believed, when he afterward fixes the crime upon the prisoner": 1 Greenl. Ev., sec, 381.

We concur in the opinion that this is the safer and better rule, and hold that the evidence is not sufficient to sustain the verdict, and the judgment must be reversed and a new trial awarded.