Zachary v. State.

## WELLS ZACHARY *v.* THE STATE.

### (*Knoxville.* September Term, 1921.)

1. **CRIMINAL LAW.** Conviction of receiving stolen goods sustained, irrespective of accomplice evidence.

In a prosecution for receiving and concealing stolen property, evidence *held* sufficient to sustain a conviction, irrespective of the testimony of an accomplice. (*Post, pp.* 625-627.)

Cases cited and approved: Boyd v. State, 94 Tenn., 505.

Case cited and distinguished: Fair v. State, 2 Shan. Cas., 481.

Code cited and construed: Sec. 5595 (S.).

2. **WITNESSES.** Accomplice not incompetent where not convicted, although he has pleaded guilty.

An accomplice is not rendered incompetent to testify by Shannon's Code, section 5595, because he has pleaded guilty of grand larceny, where he has not been formally convicted nor had sentence pronounced upon him. (*Post, p.* 627.)

3. **CRIMINAL LAW.** Admission of printed copy of ordinance held harmless error.

In a prosecution for receiving stolen goods, admission in evidence of a printed copy of a city ordinance requiring secondhand dealers in merchandise to report purchases *held* not prejudicial error, defendant admitting familiarity with the ordinance and undertaking to explain his noncompliance therewith. (*Post, p.* 627.)

---

FROM KNOX.

---

Error to the Criminal Court of Knox County—HON. T. A. R. NELSON, Judge.

FRED C. HOUK, HAL H. CLEMENTS and CHAS. M. ROB-ERTS, for plaintiff in error.

CHARLES L. CORNELIUS, Assistant Attorney-General, for the state.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff in error, Wells Zachary, was convicted in the crminal court of Knox county for knowingly receiving and concealing stolen property.

An employee of the Tennessee Mills, by the name of Henry Hickman, stole from his employer three hundred and fifty suits of men's cotton ribbed underwear, and sold them to the plaintiff in error for about one-third the market value thereof. The Tennessee Mills manufactures this underwear, and its plant is located about one block from the dry goods store of the plaintiff in error. The plaintiff in error's home, however, is several blocks from said plant and from his store, and this stolen property was delivered to him in the nighttime at his home.

Henry Hickman was introduced by the State, and testified, in substance that it was at the suggestion or request of the plaintiff in error that he stole said underwear and sold same to him. Upon the testimony of this witness, in connection with other circumstances, which will be detailed a little later, we conclude that the jury were well warranted in convicting the plaintiff in error, and his first assignment of error to the effect that the evidence preponderates against the verdict will be overruled.

By the second assignment of error it is insisted that there is no material evidence corroborating the testimony of the accomplice, Henry Hickman.

We find abundant evidence to sustain the conviction, irrespective of the testimony of the accomplice. The plaintiff in error admitted his guilt to two police officials. When the officers went to his house in search of the stolen goods he denied knowing anything about them, and, being convinced that the officers knew better, admitted having received the goods from his accomplice and showed them to the officers concealed in two cotton sacks under his front porch. We have the circumstance of receiving them at night at his home instead of at his place of business; of buying them for about one-third their market value; for failing to disclose to the officers the fact that he had sold a lot of these suits to another merchant by the name of Damewood; for failing to report said purchases to the city authorities, as required by an ordinance with which he was familiar, and by other facts and circumstances appearing in the record. We have no doubt as to the guilt of the defendant under these circumstances, irrespective of the testimony of his accomplice, and this assignment of error will be overruled.

The third assignment of error complains of the action of the trial court in permitting the accomplice, Henry Hickman, to testify on behalf of the State after he had pleaded guilty in two cases of grand larceny.

Prior to the time that the accomplice, Henry Hickman, testified in this case, but on the same day, he had pleaded guilty in two cases in which he was indicted for stealing

144 Tenn.—40

the underwear which he sold to the plaintiff in error. However, he had not been formally convicted, nor had sentence been pronounced upon him or any judgment entered upon the minutes of the court.

It is conceded by the State that the commission of the crime of larceny is the thing which renders the offender infamous, but it is insisted by the State that, while this is true, the offender is not incompetent to testify until there is a verdict and judgment.

Relative to persons who can testify, section 5595 of Shannon's Code says:

"Persons are rendered incompetent by conviction and sentence for the following crimes: [Then follows a list of crimes, including larceny.]"

In the instant case the accomplice had not been convicted and sentenced. A case directly in point is that of *Boyd* v. *State,* 94 Tenn., 505, 29 S. W., 901, in which all of the authorities are reviewed, and in which it is held that, where an objection is interposed, such conviction can only be shown by the record. The facts in that case were stronger than those here, because in the former the witness testified that he had been convicted and sentenced for larceny, and had served his term. Because the court excluded that evidence, this court reversed the case, and remanded it for a new trial.

In the case of *Fair* v. *State,* 2 Shan. Cas., 481, discussing this question, this court said:

"And there must be not only the verdict of the jury that the party is guilty of a crime held by statute or common law to be infamous, but a judgment thereon pronounced by the court."

Zachary v. State.

The two foregoing cases are the only ones to which our attention has been called in which this question has been passed upon by this court, but, taken in connection with the statute they seem to be conclusive of the question, and it results that this assignment of error must be overruled.

The fourth, and last, assignment of error complains of the action of the trial court in permitting the State to introduce a printed copy of a city ordinance of Knoxville, which requires secondhand dealers in merchandise to report purchases to the police department.

This was error, but we do not consider it prejudicial error, for the reason that the plaintiff in error admits that he was familiar with this ordinance and undertook to explain why he did not comply therewith.

Upon the whole we are of the opinion that the guilt of the plaintiff in error does not admit of doubt that he had a fair and impartial trial, and that no prejudicial error was committed against him.

It results that the judgment of the criminal court will be affirmed.