KING *v.* STATE.

(Division B. May 8, 1939. Suggestion of Error Overruled May 22, 1939.)

[188 So. 554. No. 33560.]

**J. H. Daws**, of DeKalb, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

Argued orally by **J. H. Daws**, for appellant, and by **W. D. Conn, Jr.**, for the State.

**Anderson, J.**, delivered the opinion of the court.

Appellant was tried and convicted in the circuit court of Kemper county of the crime of manslaughter, and sentenced to the penitentiary for the term of twelve years. From that judgment, she prosecutes this appeal.

Several alleged errors of the trial court are assigned and argued as grounds for reversal. Conceding that they were real errors, they cannot work a reversal of the judgment because the appellant testified in her own behalf and admitted her guilt.

The killing of a human being in the heat of passion without malice by the use of a dangerous weapon, without authority of law and not in necessary self-defense, is manslaughter. Section 996, Code of 1930. The facts which appellant admitted on the witness stand show to a moral certainty and beyond a reasonable doubt that she killed the deceased in the heat of passion with a dangerous weapon, and at the time she was in no danger from the deceased of death or great bodily harm. If the jury does its duty, such evidence is as effective as a plea of guilty. Sloan v. State, 158 Miss. 138, 130 So. 110. In that case the court, in discussing this question, used this language: ''When a case is such that the conviction is adequately sustained on the testimony of the defendant himself, as is this case, any error in order to work a

438

reversal must be one which obviously is obnoxious to the indispensable fundamentals of criminal procedure; and there is no such error in this record."

It is true of course that an admission of guilt or even a formal plea of guilty by a defendant on trial has no binding force on him unless the court in which it takes place has jurisdiction of the crime. Here there was jurisdiction, and, in addition, the other fundamentals of criminal procedure.

Affirmed.