FRANKLIN *v.* STATE.

(*Jackson,* April Term, 1943.)

Opinion filed May 8, 1943.

42

Martin Exum, of Jackson, for plaintiff in error.

Nat Tipton, Assistant Attorney-General, for the State.

Mr. Justice Chambliss delivered the opinion of the Court.

This is an appeal from a conviction of voluntary manslaughter, with a prison sentence of ten years. Franklin killed Hurley Proctor, another negro, with a knife. The conviction is sustained by the State's evidence and on the testimony of Franklin himself he is clearly guilty of manslaughter. These parties got into an altercation in a roadhouse. They abused each other, exchanging epithets. Both were more or less intoxicated, the deceased perhaps more so than his companion. About

3 A. M. they went out of the building, both having knives in their hands. The testimony is that the deceased backed off and threw a brick at Franklin, who went after him with his knife and followed him as he retreated across the concrete roadway where both men fell, Franklin on top. Franklin himself testifies that in that potsition he cut the deceased with his knife. The proof is that he did so brutally and fatally. Testimony of all the witnesses indicates that there was a willing fight between the two men in which each was armed with a knife, and we think the testimony also indicates that the deceased undertook to withdraw and was followed up by Franklin. The assignment challenging the evidence is overruled.

By another assignment it is insisted that error was committed in permitting the undertaker, who removed the body from the scene, to testify that in his opinion the knife wounds which he described caused the death of the deceased. The testimony of this witness is in narrative form, that bearing on this question reading as follows: ''Gill was asked the question, what in his opinion was the cause of the death, this question was objected to and the objection overruled and exceptions taken, and Gill answered that it was his opinion that the cause of death was the severance of the spinal column by the knife wound. He testified that the wound in the head was about six inches deep; that the deceased had severe wounds on legs and privates.''

In the first place, it will be noted that the objection was quite general in form, in no way indicating its ground. This violates the well settled rule that objections must be specific, otherwise the trial court will not be put in error. But if it be conceded that the objection was properly taken, we are not of opinion that reversible error was committed.

■ In his work on evidence, Mr. Wharton lays down the rule that one who is not an expert may, after describing a wound, express his opinion that it caused death. Wharton's Criminal Evidence (11th Ed ), p. 1764. The subject is discussed in a case note in L. R. A. 1915A, pp. 1076-1077. While this Court does not appear to have dealt with this exact question in any reported case, we have held that there need be no direct expert testimony as to the cause of death, but that the death may be presumed to have been caused by apparent wounds, particularly when there is no suggestion in the record that the deceased died from any other cause than that relied on by the State. See *Lemons* v. *State,* 97 Tenn., 560, 37 S. W., 552; *Mayfield* v. *State,* 101 Tenn., 673, 49 S. W., 742.

■ Turning to other jurisdictions, it is held that a nonexpert may express an opinion as to whether certain wounds caused death, provided the witness describes the wounds and gives his reason for his conclusion, which we think the record in this case sufficiently shows was done. See *Everett* v. *State,* 62 Ga., 65; *Edwards* v. *State,* 39 Fla., 753, 23 So. 537; *Revels* v. *State,* 64 Fla., 432, 59 So., 951. To the same general effect are *Lanier* v. *State,* 141 Ga., 17, 80 S. E., 5, and *Wise* v. *State,* 100 Ga., 68, 25 S. E., 846, holding that a non-expert who has seen the marks or wounds on the deceased may express an opinion that his death had been caused thereby. However, when it is apparent that expert knowledge is necessary to an intelligent opinion, experts only may testify,—for example, when the injury is internal.

■ In some of the cases the view is expressed that non-expert testimony is particularly permissible when the record indicates that there was no available expert testimony, this upon the theory that non-expert opinion is the best available evidence. The facts in the instant

case bring it within that requirement, as the record indicates that the deceased died on the spot and his body lay there until it was removed by the undertaker, and it does not appear that any doctor was called, or that any medical attention was given. For the reasons indicated this assignment, also, is overruled, and the judgment affirmed.