BEAN *v.* STATE.

*(Nashville*, December Term, 1947.)

Opinion filed July 17, 1948.

E. A. LANGFORD, of Cookeville, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General for the State.

MR. JUSTICE GAILOR delivered the opinion of the Court.

Defendant appeals from conviction of voluntary manslaughter and sentence to imprisonment for ten years for the offense.

The victim of the homicide, Baskell Roberts, was the brother-in-law of the Defendant. On the night of June 20-21, 1947, with another brother-in-law, Louis Roberts, the Defendant was preparing to go squirrel shooting and to that end Louis Roberts and his wife spent the night in Defendant's home where the latter lived with his wife and children. During the night Louis Roberts was aroused from sleep by his sister, Defendant's wife, Pearlie Roberts Bean, who was screaming for help while struggling with Defendant for possession of a 22 rifle. Louis Roberts went to his sister's aid and took the rifle away from the Defendant and threw it out into the yard. This enraged Defendant who struck Louis Roberts with a rock and then left the house, declaring his resentment that his wife and her brother had ''double teamed him'' and taken his gun away and he also declared that he would ''get himself another gun.''

This he did by borrowing a shotgun and shells from a neighbor. While he was away, Defendant's wife's father and two of her brothers, attracted by the wife's screams for help, came from their home a few hundred yards from the Defendant's home to make an investigation of the commotion. Baskell Roberts, armed only with a flash light, was standing near the door of Defendant's home, when the Defendant shot him with the borrowed shotgun from a distance of about thirty feet. The charge entered the upper part of his abdomen above the waist line. Baskell Roberts was immediately taken to Cookeville for emergency treatment and later on the same day, June 21, taken by ambulance to a hospital in Nashville where he died thirty days later on July 22, 1947.

There are five assignments of error to support the appeal. The first four assignments which assail the sufficiency of the evidence are, as defendant says, interrelated and therefore presented together in the brief and argument. We adopt the same course and consider the first four assignments together. On analysis, they present the single question whether the illegal act of the Defendant in shooting the deceased was a legal cause of death or, otherwise stated, the question presented is whether the evidence shows that shooting of the deceased by the Defendant was so causally related to the death as to support a conviction for voluntary manslaughter.

As stated, Baskell Roberts died some thirty days after he was shot by the Defendant. The only testimony on the cause of death is that of Dr. Thurman Shipley, a practicing physician at Cookeville, who gave emergency treatment a few hours after the shooting and prepared Roberts for the ambulance trip from Cookeville to Nashville. He testified in part as follows:

"Q. Could you describe the size of the wound appearing on his abdomen? A. As I remember, he had numerous holes in the upper abdomen; I think more of them were on the right side, but they had struck him from the front; as I remember it now, there were more of them on the right side than on the left.

"Q. Was he in a state of extreme shock at the time you saw him? A. Yes, sir, he was almost dead. I thought for a time he would be dead in a few minutes.

"Q. Did you administer to him, Doctor, in any way? A. Yes sir, I gave him some stimulation, a vial of blood plasma, and some introvenous fluid and got him in a condition to make a trip to Nashville. . . .

"Q. State whether or not, Doctor, in your judgment, this wound which you treated caused this man's death? A. Well, I think it is entirely possible that it could have caused his death. It practically caused his death that day."

After this evidence for the State, we think the following rule is applicable:

"Death following a wound from which death might ensue, inflicted with murderous intent, is presumed to have been caused by such wound, and the burden rests with the party inflicting it to show to the satisfaction of the jury that death did not result therefrom, but from some other cause." Wharton Homicide (3rd Ed.) p. 45. "When a wound from which death might ensue has been inflicted with murderous intent and has been followed by death, the burden of proof is on accused to show that death did not result from such wound, but from some other cause." 40 C. J. S., Homicide, sec. 186, p. 1088. "But when it is made to appear that the accused wounded or injured the deceased, the burden of proceeding shifts,

it seems, and the defense must prove, if such is its contention, that death was the result of other injuries than those inflicted by the accused." 13 R. C. L., Homicide, sec. 52, p. 747.

██ ██ The Defendant here made no attempt to offer any evidence to show that the death of Baskell Roberts resulted from any cause other than the shotgun wounds received at the hands of the Defendant. The Defendant himself did offer to testify that a year and a half or two years prior to the shooting, the deceased had told him, the Defendant, that he was suffering from syphilis. We think the Trial Judge was correct in excluding this testimony on objection of the State as being too remote, especially when it was proved by the father and brothers of the deceased that immediately prior to the shooting he was in sound physical condition and good health. The case of *Rucker* v. *State,* 174 Tenn. 569, 129 S. W. (2d) 208, relied on by the Defendant, is clearly distinguishable as the facts, since in that case the physician who attended the deceased at the time of his death testified positively that the illegal act of the Defendant in hitting the deceased with a rock was not even a contributing cause of death.

Finally, responding to assignment of error No. 5, we think the judgment must be modified to provide that the Defendant shall serve a term of imprisonment not less than two years nor more than ten years. All assignments of error are overruled and, as modified, the judgment is affirmed.

All concur.