LEON McCORD *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1954.)

Opinion filed April 7, 1955.

Petition for Rehearing denied May 6, 1955.

WILLIAM W. BELL, of Nashville, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

The defendant, Leon McCord, appeals in error here from a conviction of voluntary manslaughter, with punishment fixed at a six-year sentence to the State Training School for Colored Boys.

The only insistence made is that the State failed to prove the cause of death. It seems there are no disputed facts as to how the fatal encounter occurred. These two colored boys engaged in a fight during which defendant stuck his knife in the chest of deceased. The deceased ran off followed by the defendant.

The State's witness, who saw this, did not see defendant stick his knife into the deceased but defendant told him that he had struck Seay. On the following morning, five or six hours later, the body of Seay was found in the front yard of a house with what appeared to be a knife wound in his left chest just above the usual location of the heart. The undertaker expressed the opinion that death was caused by this knife wound. There was no autopsy and the undertaker did not probe this wound for depth.

Defendant admitted striking the deceased with his knife but stated that at the time he thought he struck him in the arm.

The deceased was a young boy apparently in good health and there is no suggestion that he met his death from any cause other than the knife wound. According to defendant's own testimony he knew that his knife must have penetrated the body of the deceased at some point.

He was simply mistaken in the location of the wound. The record shows that the jury saw the knife that was used and could determine from the length of the blade the probable depth of the wound. *Franklin* v. *State,* 180 Tenn. 41, 171 S. W. (2d) 281.

It is insisted for the defendant here that there is no presumption of the cause or manner of death, and the fact that the deceased died suddenly never warrants an inference that he was foully dealt with. It is for the state to prove that his death was the result of a criminal act, and, unless or until this is proved, it is presumed that death resulted from natural causes.

■ The fact that a wounded person dies is not conclusive that death resulted from the wound; and the burden is on the prosecution to show beyond a reasonable doubt that such wound caused the death. Wharton's Criminal Evidence, Sec. 209, p. 234.

In Wharton's Criminal Evidence, Vol. 2, Sec. 872, it is stated:

"To sustain a conviction, proof of the criminal agency is as indispensable as the proof of death. The fact of death is not sufficient; it must affirmatively appear that the death was not accidental, that it was not due to natural causes, and that it was due to the act of the deceased. Where it is shown by the evidence, on one side, that death may have been accidental, or it may have been the result of natural causes or due to suicide, and on the other side, that it was through criminal agency, a conviction cannot be sustained. Proof of death cannot rest in the disjunctive. It must affirmatively appear that death resulted from criminal agency."

In *Persons* v. *State,* 90 Tenn. 291, 294, 16 S. W. 726, 727,

this Court quoted the following from 1 Starkie on Evidence 575:

" 'Upon a charge of homicide, even when the body has been found, and although indications of a violent death be manifest, it shall still be fully and satisfactorily proved that the death was neither occasioned by natural causes, by accident, nor by the deceased himself.' "

Again where it is equally possible and probable that the death resulted from one cause as from another cause and the defendant is not responsible for one of the causes, then any determination of the cause of death can only be speculative and conjectural and the evidence will be held insufficient to support a verdict of guilty.

However, it was held in *Odeneal* v. *State,* 128 Tenn. 60, 157 S. W. 419, 421:

" * * * One who unlawfully inflicts a dangerous wound upon another is held for the consequences flowing from such injury, whether the sequence be direct or through the operation of intermediate agencies dependent upon and arising out of the original cause."

This rule can find no application in the instant case for the reason that the evidence fails to show that the death of deceased was a consequence, direct or through the operation of intermediate agencies, of the injuries received by deceased at the hands of defendant.

The Court held in *Lemons* v. *State,* 97 Tenn. 560, 37 S. W. 552, and in *Mayfield* v. *State,* 101 Tenn. 673, 49 S. W. 742:

"It is not essential that the State should, in a murder trial, prove by expert testimony that the death resulted from the wounds, when there is no sugges-

tion of death from any other cause, and the deceased was shown to have been of previous good health, and that his wounds were mortal".

In the case of *Bean* v. *State*, 187 Tenn. 107, 213 S. W (2d) 23, the defendant shot the deceased with a shotgun from a distance of 30 feet, and the charge entered the upper part of his adomen. The deceased was taken to a hospital and died some several days later. On page 110 of 187 Tenn., on page 24 of 213 S. W. (2d) of that case testimony from the trial by a doctor was quoted:

" 'Q. State whether or not, Doctor, in your judgment, this wound which you treated caused this man's death? A. Well, I think it is entirely possible that it could have caused his death. It practically caused his death that day.' "

The Court then went on the say the rule applicable was as follows:

" 'Death following a wound from which death might ensue, inflicted with murderous intent, is presumed to have been caused by such wound, and the burden rests with the party inflicting it to show to the satisfaction of the jury that death did not result therefrom, but from some other cause.' * * * 'When it is made to appear that the accused wounded or injured the deceased, the burden of proceeding shifts, it seems, and the defense must prove, if such is its contention, that death was the result of other injuries than those inflicted by the accused.' 13 R. C. L., Homicide, sec. 52, p. 747."

In *Franklin* v. *State*, supra, it was held that in the prosecution for homicide, there need be no direct expert testimony as to the cause of death, and death may be presumed to have been caused by apparent wounds, es-

pecially where there is no suggestion that deceased died from any other cause than cause relied on by the State.

We have considered all of the assignments of error and find them without merit. The evidence does not preponderate in favor of the innocence of the defendant. Affirmed.