JOHN HENRY OWENS

*v.*

STATE OF TENNESSEE

(*Nashville,* December Term, 1956.)

Opinion filed December 6, 1957.

680

─────────────

─────────────

WALLACE LOPEZ and WILLIA RUTH DEPRATER, Memphis, for plaintiff in error.

JAMES M. GLASGOW, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant below, John Henry Owens, was convicted of murder in the first degree for the unlawful killing of Edward Earl Kennedy, and was sentenced to twenty years and one day in the State Training and Agricultural School for Colored Boys. He was seventeen years of age at the time the alleged crime was committed. The defendant claims self-defense.

The record discloses that the decedent had been drinking beer at one or more taverns in the vicinity of Williams and Wellington Streets in Memphis. About 10:30 p.m., a number of young Negro men congregated and among them were the defendant and the decedent, Ken-

nedy. It seems that the decedent and defendant had previously engaged in a fight and the deceased challenged him to fight, chased him to his home, throwing a piece of a brick at him on the way, and Kennedy returned to the beer tavern. About thirty minutes later defendant, after arming himself with a shotgun went in search of Kennedy. The defendant stated that when Kennedy saw him that the latter charged toward him and when he was thirty or forty feet away he shot Kennedy, who died in the street. The decedent was shot right over the heart. Some of the shot penetrated to a depth of about six inches causing the rupture of the aorta. Upon arrest, the defendant admitted that he shot Kennedy, but denied that he intended to kill him. He contended that he shot at his feet and legs as to stop him from charging him.

Shortly after the shooting the police officers arrived. They investigated the murder and arrested the defendant at the home of an aunt some four miles away where he had gone to sleep. The shotgun was found dismantled under the steps of a porch at the rear of the residence of his parents, who lived a short distance from the scene of the crime. The record did not disclose why defendant went to the home of his aunt to sleep.

The defendant, in custody of police officers, arrived at the police station at approximately 1:00 a.m. on the morning of December 12, 1956. Upon being questioned about the matter, he related the details and later made a written confession. There were no eyewitnesses to the shooting, and we think under the defendant's own statement he is guilty of some degree of homicide.

█ █ It is objected that the trial court was in error in permitting the embalmer with twenty years of experi-

ence to testify on behalf of the State as to the cause of the decedent's death. We do not think this was error. This Court has often held that it will look to the nature and seriousness of the wounds and determine the cause of death. This Court has adopted the rule to the effect that one who is not an expert may, after describing a wound, express his opinion as to the cause of death. See *Donnis v. State,* 198 Tenn. 325, 279 S.W.2d 512; *Franklin v. State,* 180 Tenn. 41, 171 S.W.2d 281.

■ It was contended that the confession was not freely and voluntarily obtained. However, we have examined the record and we think the proof shows that the defendant's confession was without force or coercion and was freely and voluntarily given.

■ Furthermore, it appears that the defendant took the stand in his own behalf and admitted in substance what was in the confession and testified the same thing as he told the officers the night of the homicide.

In *Sloan v. State,* 158 Miss. 138, 130 So. 110, that Court said:

"When a case is such that the conviction is adequately sustained on the testimony of the defendant himself, as in this case, any error in order to work a reversal must be one which obviously is obnoxious to the indispensable fundamentals of criminal procedure; and there is no such error in this record."

See *King v. State,* 185 Miss. 433, 188 So. 554.

■ However, after an examination of the record we think the punishment of the defendant should be reduced

to voluntary manslaughter and it is so ordered and he will serve a maximum term of two years. See *Forsha v. State,* 183 Tenn. 604, 194 S.W.2d 463.

As modified the judgment of the lower court will be affirmed.