HAL DAVE ARMSTRONG, JR., Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

464 S.W.2d 312.

Court of Criminal Appeals of Tennessee. Oct. 28, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

Lewis Taylor, Jr., J. Emmett Ballard and Billy J. Goodrich, Jackson, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, David P. Murray, Dist. Atty. Gen., Whit LaFon, Asst. Dist. Atty. Gen., Jackson, for defendant in error.

## OPINION

RUSSELL, Judge.

The plaintiff in error, Hal Dave Armstrong, Jr., appeals his conviction of murder in the first degree and resultant sentence of life imprisonment.

On February 6, 1969, the operator of the Hub Clothing Store, Mr. Drew Wyche, was shot to death near the middle of the day in his place of business in downtown Jackson, Tennessee. Armstrong became a suspect when it was learned from a part-time employee of the store that Armstrong had been in the store a few minutes earlier, inquired for Mr. Wyche, was told that he had gone to the bank and would be back in a few minutes, and left say-

ing that he would be back shortly. While there that time, he had indicated an interest in a certain suit. This suit was found at the place where sold merchandise is hung, the last three receipts in Mr. Wyche's receipt book were made out to him and the originals still there, and his name was the last listed in a book of account payors.

Armstrong fully confessed to the crime late on the evening of his arrest. He said that he had paid Mr. Wyche the money that he had owed him for some time on an account, had then picked out some more clothing and attempted to charge the purchases, had been refused more credit and called a bad name, whereupon after a few more words Armstrong got mad, took his .45 calibre automatic pistol from the shoulder holster where he was carrying it and shot Mr. Wyche. After the victim fell to the floor, Armstrong confessed that he walked around to where he had fallen and shot him in the back.

Upon the trial, and also on the day following his confession, Armstrong repudiated it. He admitted making the confession, but denied that it was correct. He admitted being in the store and being armed with the murder weapon; but says that two other men came in while he was there, took his gun from him, took him to the back of the store, killed Mr. Wyche, forced Armstrong to leave with them, carried him several miles out of town, returned his gun to him and turned him loose.

No question is made as to the sufficiency of the convicting evidence. Ballistics tests showed that Armstrong's gun was the murder weapon. His fingerprint was upon it. Apparently there was no robbery, which further substantiates the version reflected in Armstrong's confession. The evidence of guilt is overwhelming.

■    The first question of law raised upon this appeal contends that Negroes were systematically excluded from both the grand and petit juries in Madison County and that the jury list was not made up from a cross-section of the county. A hearing was had when this question was timely presented pre-trial. Armstrong's attorneys called both the clerk and the chairman of the jury commission. The testimony of neither support this contention; but the contrary, so far as the service of Negroes is concerned, manifestly appears. The most that can be said about the contention that the jury list is not made up from a cross-section of the county is that the evidence presented didn't show one way or the other.

It is contended that defendant's confession should not have been admitted into evidence, the contention being that he had been held incommunicado and in an oppressive environment for more than six (6) hours. We do not find the facts to reflect any oppression. He was not questioned at all for the first several hours of his custody. He was fully advised of his constitutional rights. The trial judge found his confession to have been freely and voluntarily given. Certainly the evidence does not preponderate against his finding.

The formal *Miranda* warnings may have lacked the precise statement that a lawyer could be furnished at that time; but the record shows that he was also told that a lawyer would be appointed for him at that time if he wished.

Further, the defendant took the stand and admitted in detail making the confession, and sought to explain it away. His testimony conformed to the confession, ex-

cept the part wherein he claimed that while he was in the store his gun was taken by two robbers and one of them committed the murder. He also testified that he repudiated the confession on the day after it was given, and was permitted to testify as to what he then contended had happened.

We find no error in the admission of Armstrong's confession.

It is assigned as error that the murder weapon was admitted into evidence, the contention being that it was illegally obtained from Armstrong's mother-in-law's home.

First, we find, as did the trial judge, that as a matter of fact the search was a permissive one. Secondly, the defendant admitted that the subject gun was his, that it was stolen from him at the crime scene, etc. In Lester v. State, 216 Tenn. 615, 393 S.W.2d 288, where a robbery victim tore two buttons off of his assailant's coat, and the defendant testified at the trial that he owned the coat in question but claimed the buttons were missing before the robbery, it was held that the defendant waived any objection to the evidence, as such testimony made the evidence competent even if the coat had been illegally obtained. In Lester, supra, the then Chief Justice Burnett said, inter alia:

> "There are many cases in this jurisdiction and others which deal with the broad principle that if a defendant testifies in substance as to evidence which has been otherwise erroneously admitted, then his testimony clears whatever error there might have been. See Zachary v. State, 144 Tenn. 623, 234 S.W. 758; Moon

v. State, 146 Tenn. 319, 242 S.W. 39; Switzer v. State, 213 Tenn. 671, 378 S.W.2d 760; Owens v. State, 202 Tenn. 679, 308 S.W.2d 423; Cathey v. State, 191 Tenn. 617, 235 S.W.2d 601; and others. Thus, these cases clearly show that the rule is not limited to the situation where the defendant takes the stand and admits he committed the crime with which he was charged."

It is assigned as error that evidence relative to the defendant's fingerprint on the murder weapon should not have been admitted into evidence because he claims that he was not given an opportunity to review the evidence prior to its introduction.

An F.B.I. fingerprint expert testified that a single print from Armstrong's middle finger was identified upon the gun; and that there were other unidentified print fragments upon the weapon. This assignment can be completely disposed of by simply pointing out that this evidence is perfectly compatible with Armstrong's own theory, and could not possibly have been prejudicial.

Error is assigned upon the final jury argument of the prosecuting attorney, wherein he argued, without contemporaneous objection, as follows:

"I say this, may it please you ladies and gentlemen of the jury, where a man does that and admits to it, he has no more right to live than a mad dog. No right on the face of this earth. He sacrifices his right to live by taking the life of another human being. I am a great believer in the old Mosaic law—you'll find that in the 24th verse, 24th chapter of Exodus—'an eye

for an eye; a tooth for a tooth; hand for a hand; a foot for a foot.' * * *

"Here we had a man there on duty in his store, looking after his own affairs, looking forward to later that night being home with his wife, and we have a mad dog who comes in there and for no reason on the face of this earth, except he wanted credit extended to him * * * *"

It is the characterization of Armstrong as a "mad dog" that is the predicate for this assignment. The State contends that this characterization is justified by the proof, under the rule of Smith v. State, 205 Tenn. 502, 327 S.W.2d 308, that lawyers are entitled to make any argument justified by the evidence or reasonable inferences therefrom.

■ Generally, it is necessary to make a contemporaneous objection to an argument before it can later be relied upon on appeal. Sherman v. State, 125 Tenn. 19, 140 S.W. 209. However, there is authority for the proposition that patently improper argument should be stopped by the trial judge. Watkins v. State, 140 Tenn. 1, 203 S.W. 344.

■ Our Supreme Court in Harrington v. State, 215 Tenn. 338, 385 S.W.2d 758, laid down the general test for reversible error as being whether or not improper argument could have affected the verdict to the prejudice of the one on trial. Here, this argument was clearly directed toward obtaining a death sentence. The punishment fixed does not reflect any prejudice from the argument.

All of the assignments of error have been carefully

considered and the record minutely examined. We affirm the conviction.

DWYER and GALBREATH, JJ., concur.