JOSEPH V. SCOLA, Appellant, v. STATE OF
TENNESSEE, Appellee.—474 S.W.2d 144.

August 31, 1971.

Certiorari Denied by Supreme Court December 6, 1971.

Robert H. Pepper, Memphis, for appellant.

David M. Pack, Attorney General, Robert H. Roberts, Assistant Attorney General, Nashville, Phil M. Canale, Jr., District Attorney General, Ewell C. Richardson, Assistant District Attorney General, Memphis, for appellee.

O'BRIEN, J.   Joseph V. Scola was indicted for committing a Crime Against Nature, and convicted in the Criminal Court of Shelby County, Division IV, Honorable Odell Horton, Judge, upon written waiver of jury, for Attempt to Commit a Felony. He was sentenced to serve eleven months and twenty-nine days in the Shelby County Penal Farm. Motion for new trial was overruled and appeal seasonably made to this court.

Three assignments of error are made, the first two of which will be considered later in this opinion.

By his third assignment of error, appellant contends the trial court erred in denying a directed verdict at the close of the State's proof, or in failing to render a verdict

for defendant at conclusion of all the proof. The record does not indicate a motion for directed verdict or judgment of dismissal was made at the conclusion of all the proof.

█ The contention is that the sole testimony as to appellant's guilt under the indictment came from an accomplice. Examination of this record indicates this to be the case. Without the testimony of Ronald Lee Taylor, the alleged victim, who is an admitted liar and apparently a juvenile delinquent who had run away from home several days before this supposed incident occurred, there is no other evidence in this record that any crime has been committed.

Ronald Lee Taylor testified that he approached the applicant at the Krystal Restaurant on Lamar Avenue in an attempt to get a ride. He related he was planning to leave the city. He had been in the State Training School previously for running away from home and for playing truant from school. He asked appellant for money. At appellant's residence he drank three or four glasses of wine prior to the occurrence of the alleged offense to his body, had two or three more glasses after the act had taken place, and then slept for awhile. It is illogical to assume that a fifteen year old boy could drink six or seven glasses of wine without becoming intoxicated, yet he claims he then put on his clothes, escaped from the house, ran some distance to a home on another street, concocted a tale of being attacked by a group of other boys, simulating stomach pains to substantiate his tale, all in a space of time in which approximately one hour had elapsed from the time he was observed leaving the Krystal restaurant.

His story is riddled with inconsistencies and contradictions and the language and technical terms used by him in describing the acts which allegedly had taken place were obviously not those which might be expected from one of his age, background, and educational level.

The record clearly discloses that Taylor was a voluntary participant in the alleged acts with which this appellant is charged. He only exhibited any alarm when he awakened to purportedly find appellant engaged in a wholly unrelated act of perversion for which there is no charge against him in the indictment. The law regards him as an accomplice.

Other testimony in the record connecting appellant with Taylor is that of Lieutenant Thomas D. Edwards and Dr. Jerry Campbell. Lieutenant Edwards' testimony substantiates the boy's statement, that he was present in the residence of appellant, and confirms there were certain marks of unusual character on the boy's body.

Dr. Stevenson examined the boy some seventeen or eighteen hours after the offense allegedly occurred. He was asked to make the examination due to the fact that the boy had pain in his rectal area due to some laceration, although the record indicates he had been examined earlier by another physician who found no such evidence. Dr. Stevenson's examination disclosed evidence of bruises around his shoulders and arms and back, and teeth marks on his arms and shoulders.

None of this testimony offers the first scintilla of evidence to connect the defendant with the commission of the crime charged.

The authorities are abundant and precise upon the requirement of corroboration of testimony of an accomplice, and the rule is well stated in Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811.

"Under the common law the testimony of an accomplice, if it satisfies the jury beyond a reasonable doubt of the guilt of the defendant, may be sufficient to warrant a conviction although it is not corroborated. The obvious dangers of this common-law rule with respect to accomplice testimony has led to the adoption in many States of statutes expressly providing that a person cannot be convicted of a crime on the uncorroborated testimony of an accomplice. In Tennessee in absence of any general statute on the question—there being no general statute as far as we have found or been pointed out—the Courts at the very beginning of the judicial history of this State seeing the weakness in the accomplice's testimony required corroboration in all felony cases. Clapp v. State, 94 Tenn. 186, 30 S.W. 214; Robison v. State, 84 Tenn. 146; Hall v. State, 71 Tenn. 552; Fair v. State, 2 Tenn.Cas. 481 (Shannon's). By shepardizing these cases many others will be found following this very salutary rule down to the present time. As to what evidence is necessary for the purpose of corroboration the Court early in the *Clapp* case, supra, detailed at some length what was necessary. In that case an accomplice is likewise defined and this Court said this in reference to this corroborative testimony [94 Tenn. 186, 30 S.W. 217]:

'The degree of evidence which shall be deemed sufficient to corroborate the testimony of the accomplice is for the determination of the jury. The law is com-

plied with if there is some other evidence fairly tending to connect the defendant with the commission of the crime, so that his conviction will not rest entirely upon the evidence of the accomplice.' . . .

In this same author's work, (Wharton's Crim.Ev.), in Volume 3 at page 410, after discussing what is corroborative evidence in these sex crimes, the author has this to say:

'Generally speaking, the sufficiency of corroborative evidence is a question for the jury, but whether there is any corroborative evidence tending to connect defendant with the commission of the crime is a question for the Court.'

Numerous cases are cited as authority for this statement. We have examined some of them. To us it is a sound practice to follow. We approve of the practice and so hold that when there is any evidence (we will discuss briefly what amounts to some of this corroborative evidence hereinafter) to corroborate the accomplice then under proper instructions from the Court and the jury defining accomplices, etc., this question should be submitted to the jury. Where there is no evidence though to corroborate these accomplices it is a question of law for the Court.

From a practical standpoint it is not necessary that there should be corroborating evidence concerning every material fact as to which the accomplice testified, and it is not necessary that the whole case shall be proved outside the testimony of the accomplice; for, otherwise the accomplice's testimony could never avail

anything except as cumulative evidence. The rule of corroboration as applied and used in this State is that there must be some evidence independent of the testimony of the accomplice. The corroborative evidence must connect, or tend to connect the defendant with the commission of the crime charged; and, furthermore, the tendency of the corroborative evidence to connect the defendant must be independent of any testimony of the accomplice. The corroborative evidence must of its own force, independently of the accomplice's testimony, tend to connect the defendant with the commission of the crime.

This corroborative evidence need not be direct evidence, but the rule of corroboration is satisfied even though the evidence is entirely circumstantial. The corroboration need not of itself be adequate to support a conviction, but it must be sufficient to meet the requirements of the rule and it is sufficient to meet the requirements of the rule if it fairly and legitimately tends to connect the defendant with the commission of the crime charged.'' Sherrill v. State, *supra*.

''The rule is that, to sufficiently corroborate the testimony of the accomplice, there should be some fact testified to, entirely independent of the accomplice's evidence, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it.'' Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936. (Clapp v. State, 94 Tenn. 186, 195, 30 S.W. 214, 216.) Robison v. State, 84 Tenn. 146, 148; Stanley v. State, 189 Tenn. 110, 115, 222 S.W.2d 384; Sherrill v. State, *supra*.

Another statement of the rule in Wharton's Crim.Ev. (12th Edition), Sec. 468, Pages 257-258, which is supported by cases from many states, including our own, is this:

"By judicial decision and by express statutory provision, the corroboration of an accomplice, when necessary, is not sufficient if it merely shows the commission of the offense, or the circumstances thereof, or that the accomplice and the defendant are acquainted or connected. There must be independent evidence supporting the testimony of the accomplice or tending to confirm him, which must be of a substantive character, and must tend to connect the defendant with the commission of the crime charged or to identify him as the guilty person, and which is inconsistent with his innocence." Boulton v. State, *supra*.

In a similar type of case, Davis v. State, Tenn.Crim. App., 442 S.W.2d 283, the opinion by Judge Walker recites the rationale of the rule regarding corroboration of the testimony of an accomplice.

"The general rule is that one indicted for crime against nature by engaging in fellatio may not be convicted on the uncorroborated testimony of an accomplice. Boulton v. State, 214 Tenn. 94, 377 S.W.2d 936. If the crime is consummated, both parties consenting thereto, each is an accomplice of the other and neither can be convicted on the uncorroborated testimony of the other. When, however, the crime is committed without or against the consent of the pathic party, he is not an accomplice; and a conviction may be had upon his testimony alone. Whether he consented so as to render

him an accomplice is a question for the jury to decide.
See 81 C.J.S. Sodomy sec. 6(2), P. 379.''

In Robison v. State, 84 Tenn. 146, the test of the
sufficiency of the required corroboration of the testimony
of an accomplice is stated as follows:

''It is not sufficient that the testimony of an accom-
plice be confirmed as to the circumstances attending the
commission of the crimes; but before a conviction will
stand, there must be corroborating proof that the pris-
oner actually participated in the offense.''

In stating the reason for this requirement in Robison,
*supra,* citing Hall v. State, 71 Tenn. 552, 561, and 1
Greenl.Ev., Sec. 381, it was said:

''But though it is the settled practice . . ., to require
other evidence in corroboration of that of an accom-
plice, yet in regard to the *manner and extent of the
corroboration,* learned judges are not perfectly agreed.
Some have deemed it sufficient if the witness is con-
firmed in any material part of the case; others have
required confirmatory evidence of the corpus delecti
only, and others have thought it essential that there
should be corroborating proof that the prisoner
actually participated in the offense, and that when
several prisoners are to be tried, confirmation is to be
required as to all of them before all can be safely
convicted. The latter is believed to be now the prevail-
ing opinion, that confirmation of the witness as to the
commission of the crime being no confirmation at all as
respects the prisoner. For in describing the circum-
stances of the offense he may have no inducement to

speak falsely, but may have every motive to disclose the truth, if he intends to be believed, when he afterward fixes the crime upon the prisoner.''

We concur with Justice Allen's opinion in Robison, *supra*, that this is the safer and better rule, and hold that the evidence in this case is not sufficient to sustain the verdict.

■ The other assignments are overruled. The bite marks are relevant, as is the testimony about the alleged connection by anus. This was all one continuous event, all that occurred is relevant and tends to explain the other occurrences.

The verdict and judgment of the trial court is reversed, and the case remanded.

Mitchell and Russell, JJ., concur.