**STATE of Tennessee, Appellee,**

v.

**Frank STAGGS, Jr., Appellant.**

Court of Criminal Appeals of Tennessee.

Oct. 26, 1981.

Charles Jeffrey Barnett, Waynesboro, for appellant.

William M. Leech, Jr., State Atty. Gen., John C. Zimmermann, Asst. State Atty. Gen., Nashville, Robert H. Gay, Dist. Atty. Gen., James Guy White, II, Asst. Dist. Atty. Gen., Lawrenceburg, for appellee.

OPINION

BYERS, Judge.

The defendant was convicted of voluntary manslaughter and sentenced to serve not less than four (4) years nor more than ten (10) years.

The defendant says the evidence is insufficient to support the verdict because it did not show the death was the result of a criminal agency and because there was no corroboration of alleged admissions made by the defendant, which were introduced into evidence. The defendant also says the trial judge erroneously instructed the jury a person is presumed not to have committed suicide.

The judgment is reversed, and the case is remanded for a new trial.

On November 23, 1979, an officer entered the trailer of Lowell Dickey and found his corpse lying on its back with a .22 calibre rifle laying across it. An autopsy showed Dickey died as a result of a gunshot wound to the head.

The state's evidence consisted of several witnesses who testified the defendant told them, after the discovery of the corpse, he had killed Dickey. Statements made to officers by the defendant contained no admission of guilt. The rifle was owned by the defendant's cousin. The defendant was driving his cousin's vehicle on the day Dickey died.

The defendant testified he did not kill Dickey. By his own testimony and the testimony of other witnesses, the defendant introduced evidence to show Dickey had been despondent and had stated he should kill himself.

■ The evidence of the state and of the defendant was in direct conflict. The jury accepted the state's theory of the case. There is sufficient evidence upon which the jury could find the death was by the criminal act of the defendant, and the evidence supports a finding of guilt beyond a reasonable doubt. T.R.A.P. 13(e). However, because of the erroneous instruction given by the court on the issue of suicide, we cannot

say how this affected the jury in reaching this conclusion.

In *McCord v. State*, 198 Tenn. 226, 278 S.W.2d 689 (1955), the Supreme Court held, quoting from 1 Starkie on Evidence 575:

> Upon a charge of homicide, even when the body has been found, and although indications of a violent death be manifest, it shall still be fully and satisfactorily proved that the death was neither occasioned by natural causes, by accident, nor by the deceased himself.

In *Persons v. State*, 90 Tenn. 291, 16 S.W. 726 (1891), where the defense was a claim the deceased died as a result of suicide, the Court reversed the defendant's conviction because the trial judge instructed the jury there was a presumption the deceased did not commit suicide.

■ The trial judge's instruction to the jury in this case was:

> [I]t is the law that there is a presumption that a person will not take his own life. A persons [sic] natural instinct is to preserve his own life and not to destroy it. Therefore, the presumption is that the deceased did not commit suicide and this presumption should be considered by the Jury in deciding whether or not he did commit suicide.

This instruction relieved the state of the burden of showing the death occurred as a result of a criminal agency and shifted the burden to the defendant to show the death did not occur by a criminal agency. This may not be done, and a new trial, without this instruction is required.

DWYER and O'BRIEN, JJ., concur.