## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT KNOXVILLE

### APRIL 1998 SESSION



**FILED**

**August 10, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 03C01-9706-CR-00219 |
| Appellee, | ) |
| | ) Cumberland County |
| | ) |
| | ) Honorable Leon C. Burns, Jr., Judge |
| | ) |
| **RICHARD LEE FRANKLIN,** | ) (Second Degree Murder) |
| | ) |
| Appellant. | ) |

FOR THE APPELLEE:

Michael M. Raulston
Attorney at Law
4701 Hixson Pike
Hixson, TN 37343-4818

Larry M. Warner
Attorney at Law
204 North Main Street
Crossville, TN 38557

FOR THE APPELLANT

John Knox Walkup
Attorney General & Reporter

Michael J. Fahey, II
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue N
Nashville, TN 37243

William Edward Gibson
District Attorney General

David A. Patterson
Assistant District Attorney General
145 S Jefferson Avenue
Cookeville, TN 38501-3424

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

Richard Lee Franklin, the appellant, was originally convicted of first degree murder in the shooting death of David Kirkland. The trial court granted the appellant's motion for a new trial because of procedural errors. The appellant was retried and convicted by a jury of second degree murder in the Cumberland County Criminal Court. He was sentenced to twenty-two years in the Tennessee Department of Correction. He appeals and raises ten issues for our review. We affirm the judgment of the trial court.

The facts as established by the state's witnesses are as follows. During an evening in November 1992, David Kirkland, the victim, and his girlfriend, Michelle Burnette, went to Bob's Bar in Cumberland County. Once inside, they then began playing pool against the appellant and his wife. The bet was for a beer. When Michelle failed to call a pocket on her first shot, the appellant's wife swore at her. As the game continued, the appellant's wife continued to swear at the victim and his girlfriend under her breath. After losing the game, the victim and his girlfriend went to the bar to buy beers for the appellant and his wife. The appellant's wife approached them and said, "F--- you." The victim then responded, "You can take those 'f--- yous' and stick them up your ass!" The appellant heard the victim's comment and began to approach the victim and Michelle who were moving toward the front door.

Larry Walker, a friend of the victim's, saw the appellant moving toward the victim with a cue stick. Walker confronted the appellant and the two began fighting. Willard Kennedy, the bartender, pulled Walker off the appellant. The appellant yelled at his wife to get his gun and then ran outside of the bar. The bartender locked the front door. The appellant went to his vehicle, ripped open the glove compartment, and got his weapon.

In the meantime, the bartender broke up the fight and ordered everyone to leave the bar. As the bartender opened the front door, the appellant pushed

his way inside and asked, "Where did the son of a bitch go?" The victim, who was beside the door, said, "Here I am." The appellant reached around Kennedy, lifted his gun, and shot the victim in the chest. The victim fell to the floor and was dead within moments.

According to the appellant's testimony, the victim started the verbal confrontation. The appellant testified that he went to get his gun because his wife was being beaten. The appellant testified that the gun discharged accidentally when the victim struck the appellant with a cue stick. He was vigorously cross-examined by the state. The jury accredited the testimony of the state's witnesses.

In his first issue, the appellant contends that his retrial violates his right to be free from double jeopardy. He contends that a defendant who has been convicted cannot be retried on the same charge when the verdict is set aside due to errors which were no fault of the defendant. We disagree. "The double jeopardy guarantee affords three separate constitutional protections against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." State v. Harris, 919 S.W.2d 2d 323, 328 (Tenn. 1996) (citing North Carolina v. Pearce, 395 U.S. 711, 716 (1969); State v. Mounce, 859 S.W.2d 319, 321 (Tenn.1993)). When a defendant obtains a new trial on some basis other than insufficiency of the evidence, double jeopardy does not preclude a retrial of the defendant. Id. This issue is without merit.

In his second issue, the appellant argues that the trial court made improper comments during voir dire. In response to a line of questioning by the defense, a prospective juror asked how jurors were to judge the case if the state provided witnesses under oath and the defense presented no witnesses. In response to the question, the trial court explained that a defense can be presented through the cross-examination of the state's witnesses, that the jury

was responsible for assessing a witness' credibility, and that the defendant did not need to testify in order to deny the existence of the elements of the crime. As the state argues, the appellant has waived this issue by failing to object to the trial court's remarks. T.R.A.P. 36(a); State v. Renner, 912 S.W.2d 701, 705 (Tenn. 1995). Furthermore, we find no error in the court's remarks, the aim of which was to ensure that the appellant received a fair trial.

The appellant argues in issues three and four that the trial court erred in failing to direct a verdict of acquittal at the close of the state's proof and at the close of all the proof. The appellant primarily argues that the state failed to establish that the cause of the victim's death was the gunshot wound inflicted by the appellant. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and the inferences, which may be drawn from the facts, are insufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

The state introduced through the testimony of police investigator, Benton Threet, a certified copy of the death certificate of the victim from the Cumberland County Health Department which shows the cause of death as a "gunshot wound to the chest." The death certificate was signed by pathologist, Dr. James Barnawell. The state also presented the testimony of Michelle Burnette, Willard Kennedy, and Larry Walker to establish that the appellant shot and killed the victim. The appellant contends that the evidence of causation is insufficient because the death certificate is not trustworthy. He explains that Dr. Barnawell testified that he did not examine the deceased, was not in town when the victim was at the Cumberland County Medical Center, and did not perform an autopsy. The appellant relies on Dr. Barnawell's testimony that there could be other causes of death such as severe or sudden myocardial infarction, brain stem hemorrhage, or stroke. Dr. Barnawell also testified that, after looking at all the medical records and photos, he determined and was sure that the cause of

death was a gunshot wound to the chest. Dr. Barnawell was entitled to rely on the victim's history and case file to form his opinion. Cole v. State, 512 S.W.2d 598, 601 (Tenn. Crim. App. 1974). Additionally, the lay testimony alone is sufficient to establish that the victim died of a gunshot wound. The cause of death need not be proven by expert testimony. McCord v. State, 278 S.W.2d 689, 691 (Tenn. 1955); Bryant v. State, 503 S.W.2d 955, 958 (Tenn. Crim. App. 1973). The proof is overwhelming that the victim died from the gunshot wound inflicted by the appellant. These issues are without merit.

In issue five, the appellant contends that the trial court erred in admitting the death certificate as proof of the cause of death. The appellant objected to the admission of the certificate because the methods used to prepare the information in the certificate were untrustworthy. The appellant offered the testimony of Dr. Barnawell in support of his objection. As previously stated, Dr. Barnawell did not perform an autopsy on the deceased. Dr. Barnawell testified that he relied on the medical examiner's report and the emergency room report to establish his opinion that the victim died of a gunshot to the chest. We find no error with the court's admission of the death certificate. The state maintains that the certificate is an exception to the hearsay rule under Tennessee Rule of Evidence 803(8). We agree. The certificate is a record of the Tennessee Department of Public Health. Dr. Barnawell's testimony verified that the death certificate offered into evidence was the same certificate that he completed and signed. This issue is without merit.

In issue six, the appellant claims that the trial court erred in admitting a diagram of the crime scene into evidence which was introduced through the testimony of Investigator Threet. The appellant objected to the admission of the diagram because it was not drawn to scale. He cites Tennessee Rule of Evidence 801, but he does not explain why the alleged error requires reversal. Threet testified that the diagram was not drawn to scale but that it did accurately depict the location of certain items as he observed them. There was no abuse of

discretion by the trial court in admitting the diagram. There is no showing of prejudicial error. This issue is without merit.

In issue seven, the appellant contends that the trial court improperly instructed the jury that they may infer the cause of death. The court instructed the jury that when a wound from which death might ensue is inflicted with the intent to kill, you may infer that death following that wound was caused by such wound. If one so infers, the defendant should show that death resulted from some other cause not attributable to the defendant. The court further instructed the jury that the burden to prove the cause of death never shifts from the state. The jury instructions read as a whole fairly informs the jury of the applicable law. There is no showing of prejudicial error. The evidence of the cause of death was overwhelming. This issue is without merit.

In issue eight, the appellant argues that during closing argument, the state improperly argued that the appellant was presumed guilty. The state argued that "And when you go back to the jury room, that witness that goes back with you, which is the presumption of guilt, he has a hard time going with you." As the state argues, the appellant has waived this issue by failing to object to the court's remarks. Moreover, the state's remark did not likely affect the result of the appellant's trial because the trial court instructed the jury that the appellant was presumed innocent and because the evidence of the appellant's guilt was overwhelming. This issue is without merit.

In issue nine, the appellant argues that the trial court erred in not allowing the appellant to voir dire the jurors individually about their knowledge of the case. Before trial, a newspaper article about upcoming murder trials appeared on the front page of a local paper. The article mentioned that the appellant had been tried and convicted of first degree murder in his first trial. Citing the article, the appellant made a motion for individual voir dire. To save time, the court said that it would prefer the defense to voir dire on all issues except knowledge of the

case, and then proceed with individual voir dire of the jurors. The defense counsel agreed to the procedure and made no objection. Later, counsel requested, and was granted, the chance to individually voir dire the jurors as to specific knowledge of the case. The trial court allowed individual voir dire. We fail to understand how the court denied the appellant the right to individually voir dire prospective jurors. There is nothing in the record, including an objection, and nothing in the appellant's brief beyond a conclusory statement, to indicate any prejudicial error. This issue is without merit.

Finally, the appellant argues that the trial court erred in failing to apply various mitigating circumstances. We assume that the appellant refers to his account of the shooting as "I got hit in the face and the gun went off." The state interprets the appellant's argument to be that the trial court erred in failing to consider that the appellant's tooth was knocked out during the barroom brawl as a mitigating factor in determining the appellant's sentence. Appellant's brief on this issue is inadequate. We find no merit to either interpretation of the appellant's grievance. The appellant's sentence is affirmed.

Finding no reversible error, we affirm the judgment of the trial court which approved the conviction and the sentence.

_____
PAUL G. SUMMERS, Judge

CONCUR:


_____
JERRY L. SMITH, Judge

-7-

_____
CURWOOD WITT, Judge